## PARKER *vs.* MIDDLEBROOK.

To maintain trover for a chattel purchased of one, who, though not actually owning the same, yet, as the apparent owner, was in possession thereof at the time of the sale, it must be shown that the purchaser assumed dominion over the property, after the lawful owner was made known to him.

The wife of A. during his temporary absence, secretly left his house and went to the town of B., where, for the purpose of avoiding him, she assumed the name of her former husband, transacted business as a *feme sole* in keeping a boarding-house, and in payment of supplies, bought of the defendant, conveyed by a written instrument, and delivered to him; certain articles of personal property, purchased with her earnings, in B. On the trial of an action of trover, for the recovery of such property, brought in the name of the husband, no evidence was offered of any demand of the property in question, and it was admitted that said action was commenced, and prosecuted, without authority, or direction, from the plaintiff, and the court thereupon granted a nonsuit. Held, that such nonsuit was properly granted, and that, in refusing to set aside the same, the court committed no error.

THIS was an action of trover, brought in the name of Ephraim Parker against George W. Middlebrook, and tried before the city court for the city of Bridgeport, upon the general issue, on the first Monday of October, 1854.

On the trial, it was proved, on the part of the plaintiff, that, until the month of February, 1852, he was a resident of Utica, in the state of New York, where he resided with his wife and family. In said month and year, he temporarily left his wife and family, and went to the state of Georgia, intending to return in the autumn of said year, which intention he then announced to his wife. She then told him, that, if he returned, he would not find her there, to which he replied that, " if she left him, he would follow her to the ends of the earth." During his absence, he wrote occasionally to his wife. In November, of the year 1852, his wife, hearing that he was about to return home, secretly left her and his home in Utica, for the purpose of avoiding him, and came to the town of Bridgeport, where she continued to reside with her family and his children; keeping her residence and history a secret from her husband. After her departure from Utica,

she heard nothing from her husband directly, but she and her family believed him to be in the state of California.

After her arrival in Bridgeport, she was known and called by the name of Robbins, which was the name of her first husband, now deceased, and of her children by her first husband living with her, and which name she thus assumed, in order, as far as possible, to prevent her present husband from hearing of, or finding her, although her true name and history were not kept secret, and were not unknown in the various neighborhoods in which she, from time to time, resided.

While in Bridgeport, she was occupied in various employments, but lately in keeping boarders, and in the course of said occupation, she traded with the defendant, who was then carrying on the business of a butcher. At the time this action was brought, certain portions of her book account with the defendant, being for meat furnished for her and her family, were unsettled, and a balance was due to him thereon. About the 10th day of June, 1854, for the purpose of securing said claim, she executed to the defendant a conveyance, or bill of sale, of the property in question, consisting of furniture, crockery, and other articles, by virtue of which, said property was delivered up to him, and he entered into and remained in possession of the same. Said property had all, or chiefly, been purchased by the wife of the plaintiff of record, since her residence in Bridgeport, and out of the avails of her said employments, and the value thereof, or of a part thereof, was shown. It was admitted that said suit was brought and prosecuted, without any authority or direction of the plaintiff, except such as may be inferred from the facts, aforesaid, but was brought by direction of the wife of the plaintiff.

After he had introduced the foregoing evidence, the plaintiff rested his cause, and the defendant thereupon moved for judgment, as in case of nonsuit, and that the cause be erased from the docket of the court, and dismissed; claiming that the action was not brought, or prosecuted, by or with the

knowledge, assent, or permission, of the person whose name appeared as plaintiff on the record in said cause, and because it appeared from said evidence also, that the person, by whose authority and direction alone said cause had been brought and prosecuted, had no authority to bring said action, in the name of the plaintiff on the record, and had no authority to prosecute the same in the name of such plaintiff.

The court granted the motion of the defendants, and ordered judgment, as in case of nonsuit, to be entered in the cause.

The court having refused to set aside such nonsuit, the plaintiff, by motion in error, brought the record before the superior court, where the judgment of the city court was confirmed. He then, by motion in error, brought the case before this court.

*Blake* and *Treat*, for the plaintiff.

*Loomis & Warner*, and *Beardsley & Seeley*, for the defendant.

HINMAN, J. The court do not feel called upon to determine the interesting questions, relating to the powers of a wife, as the agent of her husband, where she has, without cause, abandoned him, in another state, and, unknown to him, has been transacting business here, as a *feme sole*, which have been argued before us, in this case; because, if we admit,—which we do not, except for the purposes of this case,—that a sale of property, acquired by her while thus transacting business, for the purpose of paying a debt contracted in that business, is void, on the ground that the property belongs to the husband, we still think this action must fail; and the city court was correct in ordering the nonsuit.

The action was trover; the gravamen of which is the conversion of the property, for which it is brought. But a

conversion is a wrongful, or tortious act; and a mere purchase from a party in possession, who is the apparent owner, made in good faith, and in the regular course of business, is not a conversion against the lawful owner. Such a purchaser can not be in a worse condition than the finder of a chattel which has been casually lost; and it ought, at least, to be shown that he has assumed dominion over the property, after the title of the lawful owner has been made known to him; which is usually evidenced by showing a demand of it, by the owner, and a refusal to deliver it up. No such demand was made, in this case, before the suit was instituted. We think, therefore, that upon the facts proved, a nonsuit was properly ordered, and that, as yet, the plaintiff has no right of recovery. He never resided in Connecticut, and is ignorant that his wife is here, or that any suit has been commenced in his name. Indeed he has no knowledge of the property, which his wife now claims in his name. But during his temporary absence from his place of residence at Utica, N. Y., his wife, for the purpose of avoiding him, secretly left his home, came to Bridgeport, where she has continued to reside since 1852, transacting business as a feme sole, and a portion of the time engaged in keeping a boarding-house; and for the purpose of preventing her husband from finding her, assuming the name of her former husband. To supply her boarding-house, she purchased provisions of the defendant, and, in payment of his bill, executed a conveyance of the property, which, she now claims, belongs to her husband, and which had been purchased, by her, since her residence in Bridgeport, from the avails of her earnings there. It was said that the defendant might have known her true name and history, because it was not kept secret, in the neighborhood in Bridgeport, where she resided. This may be so, undoubtedly, but it does not, under the circumstances, amount to evidence that he did know it; and there is nothing to indicate that the defendant was not a *bona fide* purchaser from one having every appearance of being the

true owner, trusting to those appearances. Under these circumstances, we think there is no error in the judgment of the superior court, sustaining the nonsuit.

In this opinion, the other judges, WAITE and STORRS, concurred.

Judgment affirmed.