JOHN H. LYNCH *vs.* EDWARD BEECHER.

STEPHEN V. INGHAM *vs.* SAME.

ROBERT SIZER *vs.* SAME.

WILLIAM GALLAGHAN *vs.* SAME.

WILLIAM HALE *vs.* AMOS CULVER.

A vendor of personal property to a fraudulent vendee may maintain replevin for the property against such vendee, and against one obtaining possession under him in bad faith and without value, without a previous demand. In such case the bringing of the suit is a sufficient demand.

A purchaser from a fraudulent vendee, in order to hold the property against the original vendor, must be a purchaser in absolute good faith, and for value, and if his title is tainted with any fraud the court will not be particular to inquire into its generic character. It is enough that he is not an honest purchaser.

If the original owner can reclaim the property from such *bonâ fide* purchaser at all, it can be done only after demand, and a reasonable time to comply with the demand. Against him the bringing of a suit is not a sufficient demand.

Five actions of replevin, brought to the Superior Court in New Haven county, and reserved for advice upon facts found by a committee. The facts are sufficiently stated in the opinion.

*J. S. Beach* and *L. E. Munson*, for the plaintiffs.

*Wright*, for the defendants.

1. The purchaser of goods from a fraudulent vendee, without knowledge of the fraud, and for a valuable consideration, will hold them as against the original vendor from whom they were obtained by fraudulent means. *Parker* v. *Patrick*, 5 T. R., 175; *Symes* v. *Brewer*, 2 Pick., 184; *Rowley* v. *Bigelow*, 12 id., 306, 312; *Hoffman* v. *Noble*, 6 Met., 68, 74; *Mowrey* v. *Walsh*, 8 Cow., 238, 244; *Root* v. *French*, 13 Wend., 570; *Saltus* v. *Everett*, 20 id., 267; *Ball* v. *Shell*, 21 id., 222; *Gilbert* v. *Hudson*, 4 Maine, 345, 347; *Bradley* v. *Obear*, 10 N. H., 477; *Thompson* v. *Rose*, 16 Conn., 71; *Hart* v. *Carpenter*, 24 id., 427; *Tomlinson* v. *Roberts*, 25 id., 477; *Luckey* v. *Roberts*, id., 486.

The nature of Hitchcock's fraud was such that Beecher could not have participated in it; and the record does not find that he had any knowledge of it. Fraud must be proved, and is never presumed. *Dwight* v. *Brown*, 9 Conn., 91, 83.

2. Whether Beecher, the defendant, did or did not have knowledge of Hitchcock's fraud on the plaintiffs is wholly immaterial in this case, as there was no demand and refusal before suit brought. Such demand and refusal, under the circumstances of this case, are the only evidence by which an unlawful detainer can be proved.

The sale and delivery to Hitchcock passed to him the *legal title*, voidable only at the election of the plaintiff. Whatever title Hitchcock had was transferable to Beecher. He takes it by delivery from Hitchcock, and for a valuable consideration paid therefor. Beecher therefore holds and owns the property, to all intents and purposes, with the consent of the plaintiff, until such consent shall be withdrawn; and the only appropriate mode of such withdrawal of consent is by demand made before suit brought. *Parker* v. *Middlebrook*, 24 Conn., 207; *Gates* v. *Gates*, 15 Mass., 310; *Nash* v. *Mosher*, 19 Wend., 431, 434; *Forbes* v. *Marsh*, 15 Conn., 384, 398. In all cases in which the defendant comes rightfully into possession of property, a demand and refusal are the only evidence of conversion, and consequently of unlawful detention. 1 Chitty Pl., 151.

Trover and the statutory remedy of replevin for the unlawful detention of goods are concurrent remedies, with this difference: trover seeks compensation in damages *only*, to the full value of the property wrongfully converted; replevin restores the goods in mitigation of the injury, and awards damages (which are usually nominal) for the wrongful detention *only*. Replevin did not lie at common law unless there was an unlawful taking. *Watson* v. *Watson*, 9 Conn., 140; *Watson* v. *Watson*, 10 id., 75; *Brown* v. *Chicopee Falls Company*, 16 id., 87; *Meriden Britannia Co.* v. *Whedon*, 31 id., 118; 1 Swift Dig., 523. It does not lie in this state except by force of statute, and that in two cases of tort only; one for beasts wrongfully impounded, and the other for a wrongful or tortious at-

tachment. . The action of replevin in this case is substantially the action of trover; and it is governed by the same rules of law, with the single exception that the property wrongfully detained is restored to the plaintiff by the writ.

Whenever in any of the states of the Union the action of replevin for a wrongful detainer of goods can be maintained, it is by virtue of statutory provisions, and not upon the principles of the common law; and in all the states where such statutory provisions exist, a demand and refusal must be proved in all cases in which the goods sought to be replevied come peaceably and without tort into the hands of the defendant, which is this case. *Windsor* v. *Boyce*, 1 Houston, 605; *Gilchrist* v. *Moore*, 7 Iowa, 9; *Stanchfield* v. *Palmer*, 4 G. Greene, 551; *Newman* v. *Jenne*, 47 Maine, 520; *Ingalls* v. *Bulkley*, 13 Ill., 315; *Hickey* v. *Hinsdale*, 12 Mich., 99; *Stratton* v. *Allen*, 7 Minn., 502; *Holbrook* v. *Wright*, 24 Wend., 169, 178; *Badger* v. *Phinney*, 15 Mass., 359, 364; *Barry* v. *O'Brien*, 103 id., 520.

SEYMOUR, J. These cases present questions growing out of the purchase by one Ransom Hitchcock of articles of personal property from the several plaintiffs. It appears that the property was sold and delivered to Hitchcock, but he never paid for the same, nor any part thereof, and at the time of the purchase it was his intention and purpose not to pay for it.

The actions are actions of replevin. Four are brought against Beecher, concerning whom the finding is that said Hitchcock after his purchase undertook to vest the title in him, Beecher, he well knowing that the sale and delivery to him were made by Hitchcock with the view of defrauding Hitchcock's creditors, and with the view on the part of Beecher to aid Hitchcock in his purpose. In the case of Lynch, the finding is that Beecher's purpose was to aid and assist Hitchcock in defrauding him, Lynch, as well as in defrauding the creditors of Hitchcock generally. This fact makes the case in favor of Lynch somewhat clearer than that of the others, but we think all the cases stand upon substantially the same ground. In each case it is found. that no demand was made upon the defendant for the property before it was replevied

The defendants insist that Beecher did not participate in Hitchcock's fraud upon the several plaintiffs—that Hitchcock's fraud upon the plaintiffs was generically different from the fraud which he attempted to practice on his creditors in placing the property in Beecher's hands. This indeed may be true, but Hitchcock has no title to the property as against the plaintiffs, his apparent title having been obtained by sheer fraud, by a promise to pay which at the time he did not intend to keep. Now conceding that Hitchcock might convey a good title to a *bonâ fide* purchaser for value, such a purchaser in order to hold must be a purchaser in absolute good faith, and for value, and if his title is tainted with any fraud the court will not be particular to inquire into its generic character. It is enough that he is not an honest purchaser.

It is however earnestly contended that demand should have been made before suit brought, and the argument is that the sale to Hitchcock was only defeasible at the election of the vendor, and until rescinded by demand the sale is good. We think however that as against a fraudulent vendee, and as against one obtaining possession under such vendee, in bad faith and without value, the bringing of the suit is a sufficient demand. In many cases of fraudulent purchases a demand before suit would be impracticable, or very difficult, and might tend to defeat the vendor's right to reclaim his property.

In case however of a *bonâ fide* purchaser for value, if the original vendor can reclaim the property from him at all, it can be done only after demand, and a reasonable time to comply with the demand. It appears that the defendant, Amos Culver, purchased in good faith, and for full consideration, the property replevied in the case against him. He purchased of Beecher in whose possession the property had been placed by Hitchcock. Now whether Culver can ultimately hold the property against the original vendor, Hale, is a question of great interest which is not fully and conclusively settled in Connecticut, and we do not intend to express in this case a decided opinion on the question. But we think it clear that Mr. Culver came into the possession in good faith, without any fault on his part, and as against him we do not think the

bringing of a suit is a sufficient demand. The general principles governing such cases have been discussed in our own court in the case of *Woodruff & Beach Iron Works* v. *Adams*, 37 Conn., 233, and of *Parker* v. *Middlebrook*, 24 id., 207, and we think those cases are decisive of this. We therefore advise that judgment be rendered for the plaintiffs in the first four cases, and for the defendant, Culver, in the case against him.

In this opinion the other judges concurred; except BUTLER, C. J., who did not sit.