WILLIAM VAN DOREN, RESPONDENT, *v.* ROBERT J. BALTY, APPELLANT.

*Tenants in common— chattel mortgage by one— sale of articles — Conversion.*

Where the mortgagee of the interest of one tenant in common of a chattel causes the whole chattel to be sold at a public sale, by virtue of his mortgage, one who purchases and takes possession of the chattel at such sale, with notice of the rights of the other tenant in common thereof, is liable to the latter in an action by him for the conversion of his interest therein.

APPEAL from a judgment of the Livingston County Court, entered on a verdict in favor of the plaintiff, and also from an order of the said court denying a motion for a new trial.

The action was brought to recover damages for the alleged conversion of certain personal property described in the complaint. On the 27th July, 1872, John W. Weaver, being the owner of a double harness, and also of the undivided half of a buggy wagon, the property of himself and Theodore S. Green, as tenants in common, mortgaged the harness and his half of the buggy to the plaintiff and William A. Green. Green subsequently transferred his interest in the mortgage to the plaintiff. On the 15th December, 1873, Weaver and Theodore S. Green mortgaged the buggy and harness to one Canderman to secure a precedent debt owing to Canderman. Canderman assigned his mortgage to John Olp, who, in March, 1874, caused the property to be sold by a constable at public sale, by virtue of his mortgage. The harness and the whole of the buggy were sold, and were bid off by the defendant. The plaintiff was present, and forbade the sale of the harness and of his half of the buggy, in the hearing of the defendant, who thereafter held possession of them and used them for his own individual purposes, claiming to own them exclusively, and denying that the plaintiff has any interest in them, and has refused on demand to deliver them to the plaintiff. The plaintiff recovered a verdict for the value of the harness and of one-half of the buggy. The action was originally commenced in a Justice's Court, where, also, the plaintiff had a verdict, which was slightly increased in the County Court.

*F. C. Peck*, for the appellant.

*G. M. Osgoodby*, for the respondent.

SMITH, J.:

It is understood that the right of the plaintiff to recover for the value of the harness is not questioned by the appellant's counsel, and the contention in the case relates to the buggy alone. As to that, Olp and the plaintiff were tenants in common at the time of the sale by the former. Olp undertook and professed to sell the whole, and thus made himself liable to his co-tenant for a conversion of the share of the latter. This the counsel for the appellant concedes. But he contends that the plaintiff cannot maintain trover

against Balty, the purchaser; that he is a co-tenant with Balty, and Balty's possession is his possession. To that position we do not assent. As the sale of the plaintiff's share was a wrong to the plaintiff, for which the seller is liable, it follows that the defendant, who participated in it by purchasing the whole, with notice of the plaintiff's rights, and thereafter asserting an exclusive title to the property, is equally liable as a wrong-doer, and the plaintiff may maintain an action against him for the conversion of his share. Undoubtedly the plaintiff might waive the tort, and treat the defendant as his co-tenant at his election, but he is not confined to that remedy. The wrongful act of Olp terminated the co-tenancy, and the defendant is liable, not as a co-tenant, but as a joint wrong-doer with Olp. This results from the doctrine, now well established, that one tenant in common has no right to sell the share of his co-tenant, and that such sale is a conversion for which he is liable in trover. A purchase of property from one who has no power to sell, where the purchaser takes a delivery of it and retains the possession, claiming it under the sale, after notice of the title of the true owner, is a conversion of it. (2 Hilliard on Torts, 246; *Hyde* v. *Noble*, 13 N. H., 494; *Parker* v. *Middlebrook*, 24 Conn., 207.) The case was tried in the County Court upon these principles, and the judgment and order should be affirmed.

Present — Mullin, P. J., Talcott and Smith, JJ.

Judgment and order of County Court affirmed.