VICTORIA PAPER-MILLS CO. v. NEW YORK & PENNSYLVANIA CO.

(Supreme Court, Appellate Term. June 28, 1899.)

1. SALES—BONA FIDE PURCHASER.
    A transferee of goods in payment of an antecedent debt from a fraudulent vendee is not a bona fide purchaser for value.

2. SAME—COLORABLE PAYMENT.
    The fact that a transferee of goods in payment of an antecedent debt from a fraudulent vendee paid the latter a small sum of money, as an additional consideration, on the advice of his lawyer, and for the sole purpose of making the sale valid, does not make him a bona fide purchaser for value.

Appeal from city court of New York, general term.

Action by the Victoria Paper-Mills Company against the New York & Pennsylvania Company. There was a judgment for plaintiff (57 N. Y. Supp. 397), and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James H. Fay, for appellant.
Joseph A. Arnold, for respondent.

FREEDMAN, P. J. This was an action for the conversion of personal property. The property in question was purchased from the plaintiff by the firm of Cashriel & Co., and within a few days thereafter transferred to this defendant by a bill of sale; the consideration being for a pre-existing indebtedness for the sum of $1,600, and a present payment of $50 in cash. The case was tried before a jury, and the plaintiff recovered a judgment for the amount claimed. · The appellant makes no claim upon this appeal that the facts did not justify the finding by the jury that the purchase of the goods by Cashriel & Co. from the plaintiff was fraudulent, and that at the time of such purchase Cashriel & Co. had no reasonable grounds to believe that they were able to pay for them. The grounds asked for a reversal are: First, that there is no proof that the goods in question were ever in the possession of either Cashriel & Co. or of the defendant; and, second, that the defendants were bona fide purchasers for a valid consideration.

The property in question was a quantity of paper contained in three shipments to Cashriel & Co., designated in the invoices as "No. 2 Fiber," and "S. Rope," and the schedule of the goods attached to and made a part of the bill of sale from Cashriel & Co. to defendant was

shown to contain paper of similar names and designation.   The treasurer of the defendant company testified that his company got practically all the property mentioned in the schedule aforesaid, and his testimony, together with the other evidence upon that subject adduced from the witnesses upon the trial, was sufficient upon the question, both as to the delivery of the goods to Cashriel & Co., and the subsequent delivery by them to the defendant of the same property, to authorize its submission to the jury as a question of fact.   Having shown upon the trial that the sale from the plaintiff to Cashriel & Co. was induced by and consummated through the fraud of the vendees, it devolved upon the defendant to show that it was a bona fide purchaser for value from Cashriel & Co., its vendors.   Devoe v. Brandt, 53 N. Y. 462; Stevens v. Brennan, 79 N. Y. 258; Seymour v. McKinstry, 106 N. Y. 240, 12 N. E. 348, and 14 N. E. 94.   The defendant swore no witnesses upon the trial, and the testimony bearing upon the question of the consideration for the bill of sale shows that it was given for two promissory notes indorsed by Cashriel & Co., and held by defendants aggregating the sum of $1,500, an existing indebtedness from Cashriel & Co. to defendant upon an open account amounting to the sum of $100, and the sum of $50 paid in cash at the time the bill of sale was executed and delivered to the defendant.   It appears from the testimony that this payment of $50 was made upon the advice of counsel for the defendant, who suggested that such sum should be paid to Cashriel & Co. by defendant, in order, as one of the attorneys stated at the time the bill of sale was executed, to make the bill of sale valid, and to show, in case it should be attacked, that some money consideration was paid, in addition to the pre-existing indebtedness of Cashriel & Co.   In view of all the facts and circumstances of this case, such payment was not sufficient to constitute the defendant a bona fide purchaser for value.   There can be no question that, had the consideration for the bill of sale consisted only of the pre-existing indebtedness of Cashriel & Co. to defendant, the defendant would not have been such a purchaser.   Woodburn v. Chamberlin, 17 Barb. 446.   And the payment of the $50 did not constitute the defendant such a purchaser, because such payment was made with a knowledge on its part that in that way alone the just claims of creditors could be defeated.   It is not claimed that the $50 was paid as part of the real or estimated value of the property, but only to make legal and valid that which it is conceded would otherwise have been illegal and void, as against the plaintiff.   In the case of Moyer v. Bloomingdale (recently decided in the appellate division, First department, March, 1899) 56 N. Y. Supp. 991, the justice writing the opinion quotes with approval the decision in Lynch v. Beecher, 38 Conn. 490, which says:

"Such a purchaser [that is, a purchaser from a fraudulent vendee], in order to hold, must be a purchaser in absolute good faith and for value; and, if his title is tainted with fraud, the court will not be particular to inquire into its generic character.   It is enough that he is not an honest purchaser."

In the case at bar, while perhaps no moral dishonesty may properly be imputed to the treasurer of the defendant company, who transacted the business relative to the transfer to his company of the property

obtained from its fraudulent vendor under the advice of counsel, yet the transaction was of such a character, and the circumstances surrounding it of such a nature, as to constitute fraud on the part of Cashriel & Co., and as to taint with legal dishonesty the sale to the defendant; and the payment of the $50 must be regarded as an attempt to give an outward appearance of good character to a transaction that would otherwise have contained nothing but indices of trickery.

Judgment affirmed, with costs to respondent. All concur.