JOHN SEMON, TRUSTEE, vs. LURA A. ADAMS.

Third Judicial District, Bridgeport, April Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The real gist of an action for conversion is the wrongful exercise of
dominion over the personal property of another.   This wrongful
act may be committed in various ways, but since the abolition of
the common-law system of pleading and the adoption of the
Practice Act the facts constituting the particular ground of con-
version must be stated.

Slight evidence of a demand for the delivery of personal property
may be sufficient to support a verdict for the plaintiff, when
taken in connection with the issues raised by the pleadings and
with the other evidence in the case.

In the present case the trial judge set aside a verdict for the plaintiff,
solely upon the ground that there was no evidence of a demand
by him for the property.   *Held* that the direct testimony of the
parties, when viewed in connection with facts and circumstances
which the jury might properly have found to have been proved,
afforded a sufficient basis for their verdict, and that the action of
the trial judge in setting it aside was erroneous.

Want of evidence to support a single, and not necessarily essential,
evidential fact, cannot of itself invalidate a verdict.

Argued April 17th—decided May 3d, 1906.

ACTION for the conversion of store fixtures, brought to
the Superior Court in New Haven County and tried to
the jury before *Thayer, J.;* verdict for the plaintiff which
the trial judge set aside as against the evidence, and ap-
peal by the plaintiff.   *Error; judgment to be rendered for
plaintiff.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*Benjamin Slade,* for the appellee (defendant).

HAMERSLEY, J.   This action was brought to test the
title to personal property consisting of certain fixtures
and utensils appropriate for use in a store or lunch counter,

alleged to be the property of the plaintiff, and to recover damages for a wrongful exercise of dominion by the defendant over the plaintiff's property. The essential cause of action is a wrongful exercise of dominion over personal property of another. The wrongful act may be committed when one takes the property of another; when one, having received the property of another for a specified use, appropriates it to a different use in derogation of the owner's right; when one, having received the property of another to be delivered up upon demand, neglects without lawful reason to deliver it upon demand made; and in other cases where there may be an unauthorized assumption of the right of ownership over goods of another to the exclusion of the owner's rights. *Gilbert* v. *Walker*, 64 Conn. 390, 394, 30 Atl. 132; *Belknap Sav. Bank* v. *Robinson*, 66 Conn. 542, 549, 34 Atl. 495. The various ways in which the wrongful act may be committed are grouped under the name "conversion." When the common-law system of pleading prevailed, the remedy for different kinds of conversion was the special form of action called "trover," established to meet the single case of a loss of goods by the plaintiff, a finding by the defendant and his refusal to deliver the goods so found to the true owner upon specific demand, and applied, through operation of a legal fiction, to different kinds of conversion. The Practice Act in establishing one form of civil action requires the complaint in every case to state truly the facts material to a cause of action; and so the particular one of the varying causes of action grouped under the common name "conversion" is determined in each case by the allegations of the complaint and succeeding pleadings. See Practice Book, *Forms 93–96, 245.*

In the present case the plaintiff sues as trustee in bankruptcy; he seeks to try his title as such trustee to the property mentioned, and to recover damages for an unauthorized assumption of the right of ownership over these goods by the defendant. The complaint alleges, in substance, that on December 7th, 1904, one William J. Adams

was a bankrupt, and that the plaintiff, as the trustee of his bankrupt estate, was entitled to the immediate possession of the goods named, which belonged to the plaintiff as such trustee, and on that day the defendant, while said goods were in her possession, refused to deliver the same to the plaintiff as such trustee, and also without authority of the plaintiff converted and appropriated the same to her own use. The answer denies the right of the plaintiff as trustee to the ownership or immediate possession of the goods; denies the refusal of the defendant to deliver the goods on demand ; denies any appropriation of the goods by the defendent without authority of the plaintiff; and alleges that at all times since March 15th, 1901, the goods have been the property of the defendant and the defendant entitled to the lawful possession of the same.

These pleadings, even if defective in form, did substantially put in issue as the material and controlling facts two questions : *first*, was the plaintiff on December 7th, by virtue of his rights as trustee in bankruptcy, entitled to immediate possession of these goods for the benefit of the bankrupt estate of W. J. Adams? and if so, *second*, did the defendant refuse to deliver the goods on demand, or otherwise appropriate them to her own use without authority of the plaintiff? The jury returned a verdict finding both these issues for the plaintiff, and assessed the damages.

It appears from the record that upon the trial the plaintiff, in support of his claims under the first issue, offered evidence tending to prove that on March 15th, 1901, the bankrupt, Adams, transferred the goods in question to his wife, the defendant, without consideration and for the purpose of defrauding his creditors, and that at the time proceedings in bankruptcy were commenced said goods in the hands of the defendant were subject to attachment by the creditors of Adams ; and that the defendant, in support of her claims under the same issue, offered evidence tending to prove that the transfer of March 15th was valid as against existing as well as subsequent cred-

itors of her husband. Such evidence was offered by both parties and admitted and submitted to the jury by the court. On motion of the defendant the court set aside the verdict upon this ground:—" There having been a transfer of the property in question years before the plaintiff's appointment as trustee in bankruptcy, and the defendant being in possession, a demand as alleged was necessary to the maintenance of this action. There was no evidence of such demand, and the verdict is therefore set aside."

The court does not appear to question that the jury, in finding the first issue for the plaintiff, acted properly within their province, and we should assume this to be the fact. The only question presented by this appeal is: Was the court correct in holding that the verdict should be set aside because the evidence of a demand as alleged was so slight? The only direct testimony as to a formal demand is that of the plaintiff and of the defendant. The plaintiff testifies that he went to the store where these goods were and made demand for them of the defendant, by saying to her that as trustee of the Adams' estate he came there with the appraisers to appraise the property in the store, and she said that there was nothing there that belonged to the Adams' estate. The defendant testified that on December 31st, the date of bringing the action, she claimed the goods as her own and that the trustee in bankruptcy should not have them, and stated she had declined to deliver the property up to the trustee in bankruptcy. This testimony, slight or insignificant as it may be for the purpose of proving, unconnected with other circumstances in evidence, a specific and formal demand, was weighed by the jury in connection with other facts and circumstances they might properly have found proved; among these, that the defendant was in possession of these goods under a transfer void as against her husband's creditors and as against the trustee representing them; that the trustee came upon her premises for the purpose of assuming possession of them as the representative of the creditors, and was met by an unmistakable denial of

his right; and that the defendant assumed and exercised the right to use the goods for her own benefit, exclusive of the trustee's rights. The jury found that the plaintiff was entitled to the property and to immediate possession thereof for the benefit of the creditors; that the defendant had possession of the property under a transfer void as against the plaintiff; that when the plaintiff attempted to take possession of the property, stating his title as trustee, the defendant denied his right and assumed exclusive ownership of the property, and thereby converted the same to her own use.

We do not think that in view of all the evidence appearing in the record, the jury—having without misconduct found the possession of the defendant under a fraudulent and void contract as against her husband's creditors, and the right of the plaintiff to immediate possession— were unwarranted in finding a conversion, because the direct testimony as to what was said by the plaintiff and defendant may be treated as in itself insufficient to prove a specific demand. Want of evidence to support a single and not necessarily essential evidential fact cannot of itself invalidate a verdict. Did the court mistake the law in setting aside the verdict for the single reason stated? It seems to us that it did. This being so, there is no occasion to refer to other matters discussed in argument.

There is error; the cause is remanded to the Superior Court with instructions to vacate the order setting aside the verdict, and to render judgment for the plaintiff.

In this opinion the other judges concurred.