Coleman v. Francis.

———————

DORR O. COLEMAN vs. FREDERICK N. FRANCIS.

First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Conversion is an unauthorized assumption and exercise of the rights of ownership over goods belonging to another, to the exclusion of the owner's rights and to his harm.

In actions of trover, where the original taking of possession was tortious, or where the original possession, though rightfully acquired, was followed by a wrongful use of the property or the exercise of an unauthorized dominion over it, these acts in themselves constitute the conversion and no proof of a demand for, and a refusal to return, the goods is required; but where the originally rightful possession has become wrongful merely because of a simple detention of the goods, unaccompanied by any wrongful act of user or dominion, evidence of demand and refusal is necessary to establish the conversion.

In the present case, the defendant gave the plaintiff a bond, conditioned upon the payment of any judgment which the plaintiff might recover in a pending action against tenants of his moving-picture theatre. To secure his liability as their bondsman, these tenants then executed to the defendant a bill of sale of numerous articles in the theatre, including certain fixtures belonging to the plaintiff, all of which the defendant immediately retransferred to the tenants by conditional bill of sale. Later one of the tenants learned that execution had issued upon a judgment obtained against them by the plaintiff, whereupon he loaded the contents of the theatre, including these fixtures, upon a truck. At this juncture, the defendant arrived upon the premises and, after removing from the truck all articles not covered by the bills of sale, he assumed control and possession of the balance of the load, including the plaintiff's fixtures, which he retained until later in the same evening when, upon learning that certain other funds placed in his hands by the tenants were more than sufficient to pay the amount of the plaintiff's judgment, he surrendered the articles to the tenant, who had removed them from

Coleman *v.* Francis.

the theatre, in the same condition and position they were in when he took them into his control and possession. At no time did the plaintiff make demand upon the defendant for a return of the fixtures; and, at all times, the defendant acted in good faith, believing that they were the property of the tenants. *Held* that the defendant was not guilty of a conversion of the plaintiff's fixtures.

The case of *Semple* v. *Morganstern,* 97 Conn. 402, explained and distinguished.

Argued March 4th—decided June 30th, 1925.

ACTION to recover damages for an alleged conversion by the defendant of certain personal property belonging to the plaintiff, brought to the Superior Court in Hartford County and tried to the court, *Hinman, J.;* judgment for plaintiff for $750, and appeal by defendant. *Error; judgment to be entered for defendant.*

The plaintiff was the owner of a moving-picture theatre which he had leased to certain tenants. The plaintiff brought an action against them which involved their right to continue as tenants of the building, and the defendant gave to him a bond conditioned upon the payment of any judgment he might recover. To secure the defendant the tenants gave him a bill of sale of certain articles in the theatre, and he forthwith conveyed them back to these tenants by a conditional bill of sale. Subsequently the defendant received monthly instalments of $225 each to further secure him against liability by reason of such judgment. The tenants continued in possession of the theatre until judgment was rendered against them and an execution issued. One of the tenants on learning of the issuance of the execution, removed therefrom and loaded upon a truck for removal a large number of articles, among them a number which had been conveyed by the bill of sale to defendant. After

the articles had been removed and loaded upon the truck, defendant came to the premises, assumed control of the truck and load and removed therefrom all articles not mentioned in the conditional bill of sale by him to the tenants. The defendant retained possession and control of the articles left on the truck until, later in the same evening, he learned that the funds placed in his possession were more than sufficient to pay the amount of the execution against the tenants without resorting to the security of the conditional bill of sale, whereupon he delivered possession of these articles to the tenant who had removed them from the theatre. A number of the articles which were conveyed to defendant by the bill of sale and which he took into his possession upon this truck were fixtures which the court held the tenants had no right to remove from the theatre, and gave judgment for their value, $750, against the defendant for their conversion.

*Joseph J. Davis,* with whom, on the brief, was *Herman J. Weisman,* for the appellant (defendant).

*Cornelius J. Danaher,* for the appellee (plaintiff).

WHEELER, C. J. Our disposition of defendant's assignment of error, that the acts of the defendant as found by the trial court would not, in any event, make him liable in conversion, will determine the appeal, and hence make unnecessary consideration of other assignments of error.

So far as the finding discloses, defendant returned the goods to the possession of the tenants who had removed them from the theatre, in the same condition and position they were in when received by him, and without demand having been made upon him by the plaintiff for them, and without knowledge or reason to

believe that title to them was not in the tenants, but was in plaintiff. We must assume, in the absence of finding to the contrary, that the alleged conversion was made under these circumstances. There is in our reported decisions no better definition and description of a conversion than that given by JUSTICE TORRANCE, in *Gilbert* v. *Walker*, 64 Conn. 390, 394, 30 Atl. 132: "Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm."

There are two general classes into which conversions are grouped: (1) those where the possession is originally wrongful, and (2) those where it is rightful. The first class comprises a conversion by a wrongful taking, or by an illegal assumption of ownership, or by an illegal user or misuse, or by any other form of possession wrongfully obtained. The second class comprises those where the possession, originally rightful, becomes wrongful by a wrongful detention. *Glaze* v. *McMillion*, 7 Port. (Ala.) 279; Bowers on Conversion, §§ 289-336; *Semon* v. *Adams*, 79 Conn. 81, 82, 63 Atl. 661. Several instances of the first class are found in our reports: Where goods of an owner are taken by an attachment issued against another person; *Meade* v. *Smith*, 16 Conn. 345, 367; against a fraudulent vendee, and against one obtaining possession under such vendee in bad faith and without value; *Lynch* v. *Beecher*, 38 Conn. 490; one who purchases

from one in possession knowing of the title of the owner and assumes dominion over the property purchased. *Pease* v. *Odenkirchen*, 42 Conn. 415.

All of these are instances of a tortious taking. Proof of that establishes the conversion, unless it shall appear that the defendant had lawful right to retain the goods, and in the case of a tortious taking no proof is required of a demand for, and refusal to return, the goods. "It is true, that where there is a tortious taking, a demand can no more be necessary than if the action was trespass for the same taking." *Thompson* v. *Rose*, 16 Conn. 71, 83. "A demand and refusal is not a conversion, it is evidence that will warrant a jury to infer one. A court cannot say that this is a conversion, but can instruct the jury that this is a sufficient evidence to warrant them to find one." 1 Swift's Digest (Ed. 1849) 545; *Meade* v. *Smith*, 16 Conn. 346, 367. Forms 94 and 96 of the Practice Book, pages 362, 363, are for actions of conversion based upon tortious acts and no allegation of demand is given. *Metropolis Mfg. Co.* v. *Lynch*, 68 Conn. 459, 470, 36 Atl. 832; *Lynch* v. *Beecher*, 38 Conn. 490.

The second class is where the possession, originally rightful, becomes wrongful by reason thereafter of a wrongful detention, or a wrongful use of the property, or the exercise of an unauthorized dominion over the property. In the last two groups of this class, the wrongful use and the unauthorized dominion, constitute the conversion; therefore no demand for the return of the personal property is required. In the first group, since the possession is rightful and there is no act of conversion, there can be no conversion until the possessor refused to deliver up the property upon demand. Unexplained, the refusal is evidence from which a conversion may be found. Instances of rightful possession of another's property changed to an un-

lawful exercise of dominion over it by reason of the refusal to deliver it upon demand, are found in: *Metropolis Mfg. Co.* v. *Lynch,* 68 Conn. 459, 470, 36 Atl. 832; *Semon* v. *Adams,* 79 Conn. 81, 83, 63 Atl. 661; and *Gilbert* v. *Walker,* 64 Conn. 390, 30 Atl. 132. In *Parker* v. *Middlebrook,* 24 Conn. 207, 209, an action of trover against a purchaser who bought in good faith, and in the regular course of business from one in possession and the apparent owner, we say: "Such a purchaser cannot be in a worse condition than the finder of a chattel which has been casually lost; and it ought, at least, to be shown that he has assumed dominion over the property, after the title of the lawful owner has been made known to him; which is usually evidenced by showing a demand of it, by the owner, and a refusal to deliver it up." There are, we say, under these circumstances, two ways in which the act of conversion can be shown: (1) by exercising dominion over the property, as by use or otherwise, after he knew the true owner; (2) by refusal to deliver up the property after demand, and in this way exercising an unlawful dominion over the property. In *Woodruff & Beach Iron Works* v. *Adams,* 37 Conn. 233, we held that a demand should have been made and an opportunity of restoration given before suit for the conversion could have been brought. The circumstances were these: The articles belonging to plaintiff had by fraud of L become attached to realty of defendant. Assuming that the articles could have been separated from the realty, we held that a demand should have been made before suit. There was no evidence from which an act of conversion could have been found in the absence of such demand and refusal. There was no evidence of an exercise of dominion by use or otherwise, after the defendant knew the true owner, so that there was no occasion for advert-

ing to this other method by which an act of conversion could have been established.

In *Lynch* v. *Beecher*, 38 Conn. 490, 493, in an action of replevin, where the same rule would govern as in an action for a conversion, we say: "We think, however, that as against a fraudulent vendee, and as against one obtaining possession under such vendee, in bad faith and without value, the bringing of the suit is a sufficient demand. In many cases of fraudulent purchases a demand before suit would be impracticable, or very difficult, and might tend to defeat the vendor's right to reclaim his property." Here the possession obtained was wrongful and the act of conversion arose from this. It is true, we said: "In case, however, of a bona fide purchaser for value, if the original vendor can reclaim the property from him at all, it can be done only after demand, and a reasonable time to comply with the demand." This statement failed to note the second method by which the vendor can reclaim his property from one who came originally into rightful possession of it, viz.: by showing that he exercised dominion over the property after he knew the true owner.

In *Semon* v. *Adams*, 79 Conn. 81, 82, 63 Atl. 661, we recognize group two of *Parker* v. *Middlebrook*, 24 Conn. 207, among the wrongful acts which may constitute conversion, "where there may be an unauthorized assumption of the right of ownership over goods of another to the exclusion of the owner's rights." In *Pease* v. *Odenkirchen*, 42 Conn. 415, 425, in an action of replevin, we say: "It is suggested that the defendant, as a purchaser of this chattel, occupies a different position from the mortgagor, and that in his case a demand was necessary before bringing the suit. We think not. . . . And upon the facts appearing in the motion we cannot concede to the defendants the posi-

tion of a bona fide purchaser from a party in possession, clothed with the apparent ownership, because, 'after the title of the lawful owner had been fully made known to him, he made the purchase and assumed dominion over the property.' " See also *Parker* v. *Middlebrook, supra;* Bowers on Conversion, §§ 308, 310, 332, 334.

In the case before us, the tenants' possession of the property in controversy was unlawful because it belonged to the owner of the theatre. The property had been attached to the realty so as to have become fixtures. The defendant's bill of sale of these items of property so attached did not convey title to him and he had no title in them to reconvey to the tenants by a conditional bill of sale. There is every indication that he thought he was obtaining security by the bill of sale for the bond he gave for the tenants. The good faith of this transaction up to this point is not attacked. When defendant took the possession of this property from the tenants he did not know that the plaintiff owned it; so that he was in the position of bona fide purchaser. His taking was not tortious. He committed no act of conversion while in possession of these goods by exercising dominion over them, and no demand had been made upon him for them up to the time he returned them to the tenant in the same condition in which he had received them. The facts found do not bring the case within either of the two ways, stated in *Parker* v. *Middlebrook, supra,* in which an act of conversion by the defendant could have been shown.

Plaintiff relies upon *Semple* v. *Morganstern,* 97 Conn. 402, 116 Atl. 906, as authority in support of his position. The cases differ. In that case there was a demand and a refusal by the defendant, and, further, he purchased in good faith from his vendor who had

no right to convey, and after learning this he exercised dominion over the property by refusing to deliver it to the owner. In the present case there was no demand, and no knowledge that the goods held by the defendant did not belong to the tenants but to another. One statement in the opinion requires modification. We state, on page 404: "Where one purchases personal property in the belief that he is acquiring a lawful title to the same from the vendor, and later finds that the vendor had no right to convey title, his retention of possession, after he has learned or had reasonable means of knowing that the vendor had no right to convey; is a conversion giving the owner a right of action in trover." Conforming to the doctrine of *Parker* v. *Middlebrook,* 24 Conn. 207, and *Hill* v. *Hayes,* 38 Conn. 532, 535, it should have read: "Where one purchases personal property in the belief that he is acquiring a lawful title to the same from the vendor, and later finds that he had no right to convey title, his retention of possession thereafter, and assumption of dominion over the property, is a conversion giving the owner a right of action in trover."

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for defendant.

In this opinion the other judges concurred.