HENRY MOLSKI *vs.* JOSEPH BENDZA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 7th, 1932—decided February 7th, 1933.

*William M. Greenstein,* for the appellant (defendant).

*Frederick S. Harris,* with whom was *A. B. Aubrey,* for the appellee (plaintiff).

PER CURIAM. Several cross demands between the parties are alleged in the complaint and counterclaim in this action, but the appeal involves only two of them. The first count of the complaint alleged a conversion by the defendant of a large amount of cord wood. On December 22d, 1930, the plaintiff and the defendant made an exchange of properties, the plaintiff conveying to the defendant a farm on which the wood in question was then stacked. As a part of the transaction they entered into a written agreement by which the plaintiff was given the right to remove all wood already cut on the premises. Before May 1st, 1931, the plaintiff had removed some of the wood, but on or about that day when he went to the premises to get more of it the defendant and his wife prevented him from doing so, and thereafter on several occasions

threatened violence to him and others he sent to get wood, and the defendant has since then refused to permit its removal. The defendant claims that the judgment for the conversion of the wood cannot be sustained for the reason that no sufficient demand was made upon him for it, it not appearing that the plaintiff at any time demanded all of it. Where goods originally in the rightful possession of a person are wrongfully retained by him without the exercise of dominion over them, a demand and its refusal afford the necessary evidence of a conversion. *Coleman* v. *Francis*, 102 Conn. 612, 616, 129 Atl. 718. Certainly the efforts made by the plaintiff to remove the wood, with the refusal of the defendant to let him enter upon the premises, serve all the requirements of that rule. The defendant also claims that the judgment of conversion cannot be sustained because the defendant was retaining the wood under a claimed lien for storage. That he was retaining it upon this ground is not found. But passing that, the defendant does not now claim he had any such lien, and a groundless assertion of a right to hold goods is no defense to an action for their conversion. 26 R. C. L. p. 1117.

One count in the counterclaim is based upon a promise by the plaintiff to pay certain taxes alleged to be due on the property conveyed by him to the defendant at the time the conveyance was made, and a neglect and refusal to pay them. The finding discloses no such promise nor indeed that any taxes were due upon the property at the time of the conveyance. On the other hand, it states that when the properties were transferred an adjustment was made of the taxes which would become due under the assessment of October, 1930, and the defendant assumed and agreed to pay them. The counterclaim does not allege, as the defendant seems to assume, a breach of the covenants of

the deed by reason of the existence of a lien for the taxes to become due upon the list of October, 1930, and there is no need to discuss the situation which would be presented if it did.

There is no error.