[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Defendant's George Mederios, Sr., and Eileen Mederios move to strike the ninth, tenth, eleventh, twelfth, and thirteenth counts of the complaint.
Ninth Count
This count is based on conversion. It is deficient because no facts are alleged to indicate whether possession of the stock was wrongfully obtained or whether rightful possession later became wrongful. If the latter, there is no allegation that the plaintiff even demanded return of the stock. See Coleman v. Francis, 102 Conn. 612 (1925). CT Page 4781
Tenth Count
This count is based on a theory of unjust enrichment. It alleges sufficient facts to support the claim. Burns v. Koellmer, 11 Conn. App. 375 (1987).
Eleventh Count
This count is based on an alleged violation of Conn. Gen. Stats. 42-110b et. seq., CUTPA. However, CUTPA does not apply to deceptive or unfair practices in the sale of securities. Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172
(1986). The plaintiff's claim in this regard cannot be sustained.
Twelfth Count
This count is based on an alleged violation of the Connecticut Anti-trust Act, Conn. Gen. Stats. 35-24 et seq. No facts are alleged indicating any conspiracy in restraint of trade or competition. The claim cannot stand.
Thirteenth Count
This count is based on negligence, claiming a duty owed by the defendants to the corporation. The defendants are alleged to be stockholders. As such, they owed no duty to the corporation.
For all of the above reasons, the defendants' motion to strike the ninth, eleventh, twelfth, and thirteenth counts is granted. It is denied with respect to the tenth count.
MALONEY, JUDGE