[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is plaintiff Robert Friedlander's motion to strike the second special defense of defendant Cutrone/Tone, Inc.
The alleged facts are as follows. The parties entered an agreement whereby work would be performed at the plaintiff's premises at 15 Davis Hill road, Weston, Connecticut. The work is characterized as renovation by the plaintiff, and construction of a new home by the defendant.
The plaintiff brought his complaint in six counts, alleging breach of contract, negligent misrepresentation, negligent performance, unjust enrichment, conversion and unfair trade practice. The defendant answered, raised two special defenses, and filed a three count counterclaim alleging failure to pay monies due, quantum meruit and unjust enrichment. The first special defense claimed the inapplicability of the Home Improvement Act; the second special defense recites facts to defend against the allegation of conversion in plaintiff plaintiff's complaint, count five.
The plaintiff now moves to strike the second special defense on the ground that it is legally insufficient in that it "merely alleges defendant is no longer in possession of most of the converted items. . . ."
The defendant opposes the motion to strike. Both parties have submitted briefs.
 Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owners rights (Citation omitted.)
`The essence of the wrong is that the property rights CT Page 5756 of the plaintiff have been dealt with in a manner adverse to him, inconsisted with his right of dominion and to his harm.' Coleman v. Francis, 102 Conn. 612, 615 (1925).
Epstein v. Automatic Enterprises, 6 Conn. App. 484, 488 (1986).
In count five of the complaint the plaintiff realleged paragraphs 1-16 of count four and further alleged that "upon information and belief, CTI has wrongfully converted the fixtures and items of personality referred to in paragraph 14, above. . . ." Paragraph fourteen does not refer to fixtures, but paragraph 15 states that ". . . (T) has failed to return and/or retain on behalf of Mr. Friedlander various fixture items and items of personalty removed from the premises during the performance of renovation work. Said items total an approximate value of $100,000."
The defendant raised the second special defense alleging:
 1) At plaintiff's request, during the course of construction, the defendant removed and stored certain items for re-use at a later time.
 2) The items removed and stored consisted of appliances and two heating units.
 3) At the direction of the plaintiff, all of the appliances and one heating until were either reinstalled on the premises or discarded, with the exception of one heating unit.
 4) The remaining heating unit is being stored by the defendant, who will return the unit upon the plaintiff's request.
 5) Any other fixtures and personalty alleged by the plaintiff to have been retained or converted by the defendant are not in the possession of the defendant.
The purpose of a special defense is to plead facts which may be consistent with the allegations of the complaint, but tend to destroy the cause of action. Pawlinski v. Allstate Insurance Co., 165 Conn. 1, 6 (1973). Construing the facts in the manner most favorable to the pleader, as the court must on a motion to strike, (Rowe v. Godou, 209 Conn. 273, 278 (1988), it is found that the defendant has pled facts sufficient to maintain its special defense to the conversion cause of action. Accordingly, the motion to strike the second special defense is CT Page 5757 denied.
JOHN J. P. RYAN, Judge.