[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 28, 1992, Amatulli Imports, Inc. (hereafter the "corporation") filed a four count substituted complaint against Raymond Nargezian and George B. Zaloom and Co. (hereafter "defendants"). According to the allegations contained in the first count, the corporation entered into an agreement with Richard and Mary Amatulli, wherein the Amatullis agreed to give the corporation possession of 131 bales of rugs in order to satisfy two promissory notes executed by the plaintiff in favor of Connecticut National Bank (hereafter "CNB"), either by selling the rugs or by surrendering them to CNB in lieu of payment. In turn, Richard Amatulli entered into an agreement with the defendants, wherein they agreed to take custody and care of the 131 bales of rugs which he owned. The agreement was for the benefit of the corporation. The defendants also agreed that Richard would be allowed to take possession of the rugs upon demand and turn them over to the corporation. On December 11, 1991, Richard demanded the return of the rugs and the defendants refused to relinquish possession. This the corporation alleges caused damage to it.
In the second count, which incorporates paragraphs one through twelve of the first count, the corporation asserts that the defendants acted maliciously in refusing to turn over the rugs, and by their acts tortiously interfered with its business expectations. In the third count, which incorporates paragraphs one through twelve of the first count, the corporation, after alleging that the defendants are engaged in the business of purchasing and selling rugs, claims that their actions are in violation of Sec. 42-110a et seq. of the General Statutes. Finally, in the fourth count, the corporation alleges that the defendants took possession CT Page 249 of rugs belonging to it, that the defendants are still in possession of the rugs, and that although it has demanded their return, the defendants have failed to relinquish possession of the rugs. Thereafter, the defendants filed a motion to strike counts one, two, three and four of the substituted complaint, for failure to state a claim upon which relief may be granted, and for failure to join a necessary party.
A motion to strike challenges the legal sufficiency of a pleading. Practice Book, Sec. 151. While it admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to dismiss must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545; Mingachos v. CBS, Inc., 196 Conn. 91, 108.
The first count of the complaint is directed toward recovery based upon rights allegedly derived from its status as a third party beneficiary. In the memorandum of law supporting the motion to strike, the defendants argue that the first count is legally insufficient because the corporation failed to allege that the defendants, by entering into the agreement with Richard Amatulli, intended to benefit the corporation.
 `[T]he ultimate test to be applied [in determining whether a person has a right of action as third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties.'
(Citations omitted.) (Brackets in original.) (Emphasis added.) Knapp v. New Haven Road Construction Co., 150 Conn. 321,325. In addition, a third party seeking to enforce a contract must allege and prove that the contracting parties CT Page 250 intended that the promisor should assume a direct obligation to the third party. Cote v. Yankee Barn Homes, Inc.,3 CSCR 856, 857 (October 7, 1988, Pickett, J.). The first count is silent as to an assertion that the defendants intended to assume a direct obligation to the corporation and failed to allege sufficient facts to support it. The motion to strike the first count is granted.
In the second count, the corporation alleges that "[t]he Defendants by their acts tortiously interfered with the business expectations of the Plaintiff." To support the argument that the second count is legally insufficient, they contend that the corporation failed to allege a "legally recognizable interest in the rugs to create a business expectancy," and "failed to allege a business relationship with Richard Amatulli." The words "tortiously interfered with the business expectations of the plaintiff" are used in that count.
 The common law has long countenanced a cause of action sounding in tort for interference with another's business practices and opportunities. Originally the cause of action was recognized in suits where a defendant was alleged to have interfered with the plaintiff's advantageous contractual relations. Prosser, Torts (4th Ed.) Sec. 129, p. 927. Gradually, perhaps in recognition of an increasingly competitive climate, the law came to recognize that a merchant might have protectible interests even in business expectations that had not been confirmed by contract. Dean Prosser identifies the decision in Temperton v. Russell, 1 Q.B. 715 (1893), as the generating force behind this evolution. There, the Court of Queen's Bench declared that the principles of liability for interference with contract extended beyond existing contractual relations, and that a similar action would lie for interference with relations which were merely prospective or potential. Prosser, supra, Sec. 130, p. 949.
 This trend developed rapidly in American jurisprudence and has become an established doctrine in Connecticut. `We, in this state, CT Page 251 recognize that a cause of action does exist for unlawful interference with business and that it is not essential to that cause of action that it appear that the tort has resulted in a breach of a contract to the detriment to the plaintiff. [Citations omitted.]' `The law does not . . . restrict its protection to rights resting upon completed contracts, but it also forbids unjustifiable interferences with any man's right to pursue his lawful business or occupation and to secure to himself the earnings of his industry. Full, fair and free competition is necessary to the economic life of a community, but under its guise, no man can by unlawful means prevent another from obtaining the fruits of his labor.'
(Citations omitted.) (Emphasis added.) Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 753-54. This cause of action is closely related to the tort of interference with contractual relationships which requires a contract between parties and interference by a third. However, our courts have tended to confuse the two separate causes of action and, consequently, there is no clear separation of their requisite elements. Norden Sys. v. General Dynamics Corp., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CV89 0101260S (November 8, 1990).
Nevertheless, there are several cases which discuss the essential elements required to establish a cause of action for tortious interference with a business expectancy. In Selby v. Pelletier, 1 Conn. App. 320, 323-24, language is found that is rather helpful.
 [I]t is essential to a cause of action for unlawful interference with business that it appear that, except for the tortious interference of the defendant, there was a reasonable probability that the plaintiff would have entered into a contract or made a profit.' [Citation omitted.] The essential elements of this cause of action are: `(1) the defendant's conduct was tortious in that it was fraudulent; and (2), as a proximate consequence of that fraudulent conduct, the plaintiff suffered actual loss, as alleged, in being deprived of an opportunity which he would otherwise have had CT Page 252 . . . .'
According to 4 Restatement (Second), Torts, Sec. 766B (1979):
 One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
 (a) inducing or otherwise causing a third person not to enter or continue the prospective relation or
 (b) preventing the other from acquiring or continuing the prospective relation.
(Emphasis added.) Blake v. Levy, 191 Conn. 257, 261 n. 2. The plaintiff must also "plead interference with a business expectancy with a specific third party," and the plaintiff's alleged actual loss must not be speculative. (Emphasis added.) Norden Sys. v. General Dynamics Corp., supra. After careful review of the second count, this court finds a fatal flaw in the failure to sufficiently identify a business expectancy or opportunity, which includes a reasonable probability of entering into a contract or making a profit, has failed to identify a specific third party with whom the corporation had a business expectancy, and has failed to allege an actual loss.
Although the corporation failed to state a cause of action for tortious interference with a business expectancy, it nevertheless becomes necessary to examine the third count to determine whether it alleged a cause of action for tortious interference with contractual relations. "`The elements of tortious interference are [1] the existence of a contractual or beneficial relationship, [2] the defendant's knowledge of that relationship, [3] the intent to interfere with it and [4] the consequent actual loss suffered by the plaintiff.'" (Citation omitted.) Beizer v. Goepfert,28 Conn. App. 693, 701. In paragraph five of the first count, which is incorporated into the second count, the allegation that "the Plaintiff entered into an agreement with Richard and Mary Amatulli, wherein Richard and Mary Amatulli agreed CT Page 253 to deliver and turn over possession of 131 bails of rugs . . ." appears. This effectively raises the existence of a contractual or beneficial relationship.
In paragraph 11 of the first count, which is also incorporated into the second count, the corporation alleges that "Richard Amatulli and the Defendants further agreed that the above mentioned rugs would be stored at the Defendant's warehouse . . . and that Richard Amatulli would be allowed to take possession of the rugs upon demand and turn those rugs over to Amatulli Imports, Inc." Another significant rubric which must be observed in deciding a motion to strike directs the court to take the facts to be those alleged in the complaint and those necessarily implied therefrom, and then must construe the complaint in a manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36; Amodio v. Cunningham, 182 Conn. 80, 82-83. As a result, viewing paragraph eleven in a light most favorable to the corporation the second element, the defendants' knowledge of the relationship between the corporation and Richard Amatulli, is indeed satisfactorily pleaded.
In the fourteenth paragraph of the second count, the corporation alleges that "[t]he Defendants acted maliciously in refusing to turn over the rugs to Richard Amatulli."
 `This court has long recognized a cause of action for tortious interference with contract rights or other business relations. [Citations omitted.]' Nevertheless, `not every act that disturbs a contract or business expectancy is actionable. [Citations omitted.]' `[F]or a plaintiff to successfully prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.
Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,535-36; see Kakadelis v. DeFabritis, 191 Conn. 276, 279. See also Kecko Piping Co. v. Monroe, 172 Conn. 197, 201-02. Although the corporation alleges that the defendants acted maliciously in refusing to turn over the rugs to Richard Amatulli and a motion to strike admits all facts well CT Page 254 pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, supra, 108. According to 4 Restatement (Second), Torts, Sec. 766 (1979):
 One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.
(Emphasis added.) Blake v. Levy, supra. To strengthen its reasoning, this court notes with approval Dairy Fresh, Inc. v. The Coca Cola Bottling Co., 7 CSCR 347, 348 (February 18, 1992) wherein Walsh, J. stated that "[t]he plaintiff must demonstrate that the defendant intentionally procured the breach of the contract through fraud, misrepresentation, etc. and that the interference was a knowing one and not an inadvertent or incidental one." (Emphasis added.) As a result, this court is satisfied that indeed the corporation has failed to sufficiently allege facts to show that defendants intentionally and maliciously interfered with the agreement between it and Richard Amatulli. In addition, it has not alleged actual loss as a result of the interference. It necessarily follows the corporation has failed to sufficiently allege the third and fourth elements, and the court strikes the second count of the complaint.
In count three, the corporation alleges that the defendants' actions are in violation of Sec. 42-110a et seq. of the General Statutes. To support the argument that count three is legally insufficient, the defendants contend that it is defective as a private cause of action because the corporation failed to allege privity between the defendant and itself. However, the privity requirement was deleted byPublic Act 75-618, Sec. 5. See Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, 477, A.2d 988. The motion to strike the third count is denied.
In the fourth count of the complaint, the corporation alleges a cause of action for conversion. The defendants assert that it, the corporation, failed to allege that it is CT Page 255 the owner of the rugs. To succeed in a suit for conversion, the corporation must allege and prove legal ownership or the immediate superior right of possession of the property, and the fact that the defendants exercised unauthorized dominion to the exclusion of its rights. Devitt v. Manulik, 176 Conn. 657,662, 410 A.2d 465. In the third paragraph of the fourth count, the corporation alleges that "[o]n or about December of 1990 the Defendant took possession of the rugs belonging to the Plaintiff. The Defendant is still in possession of those rugs." (Emphasis added.) The corporation has sufficiently alleged ownership or an immediate superior right of possession.
In addition, the defendants contend that the fourth count is legally insufficient because the corporation failed to allege that the defendants obtained the rugs wrongfully. Possession, originally rightful, becomes wrongful by reason thereafter of a wrongful detention, or a wrongful use of the property or the exercise of an unauthorized dominion over the property. There are two general classes into which conversions are grouped: (1) those where possession is originally wrongful, and (2) those instances where rightful possession is changed to an unlawful exercise of dominion by reason of refusal to deliver it upon demand. The second group can be shown by (1) exercising dominion over the property, as by use or otherwise, after the one in possession knew the true owner, or (2) by refusal to deliver up the property after demand, and in this way exercising an unlawful dominion over the property. Coleman v. Francis, 102 Conn. 612,616.
In the fourth count, the corporation alleges that "[a]lthough the Plaintiff has demanded the return of these rugs the Defendant has failed to turn them over." "A demand and a refusal is not a conversion, it is evidence that will warrant a jury to infer one. A court cannot say that this is a conversion, but can instruct the jury that this is a sufficient evidence to warrant them to find one.'" (Citations omitted.) Coleman v. Francis, supra. This court is satisfied that the corporation has alleged sufficient facts to state a cause of action for conversion and the motion to strike the fourth count is denied.
Since the court has stricken the first and second counts, it need only consider whether Richard and Mary CT Page 256 Amatulli are necessary parties with respect to the third and fourth counts. In the third count, the corporation alleges a CUTPA violation, and in the fourth count, it alleges conversion. Necessary parties are:
 `[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete final justice, without affecting other persons not before the court, the latter are not indispensable parties.' [Citation omitted.] . . . .' In short, a party is `necessary' if its presence is `absolutely required in order to assure a fair and equitable trial.'
(Citation omitted.) (Emphasis added.) Biro v. Hill,214 Conn. 1, 5-6. Richard and Mary Amatulli are not necessary parties, and the motion to strike the entire complaint for that reason is, accordingly, denied.
Moraghan J.