## DUDLEY E. HOYT *vs.* EDWARD C. STUART ET AL.

Third Judicial District, Bridgeport, October Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Reasons of appeal should assert error directly and not suggest it in the form of a *quære.*

Strictly speaking there can be no "finding of facts" in a case tried to the jury, for the presiding judge can only state what the respective parties claimed and offered evidence to prove.

One who consents to the transfer of his property by a pledgee to a third person cannot recover from the pledgee for a conversion of the property.

In the absence of the evidence or an agreed summary of it, this court cannot say that the trial court erred in directing a verdict.

The payee of a note, who has taken another note and mortgage as collateral security for the former, does not own the security absolutely, though he may acquire title thereto either by a quitclaim deed from the pledgor or by foreclosure proceedings.

The present case was tried and apparently decided upon the theory that the defendants would be accountable to the plaintiff for the value of the mortgage security in excess of the original indebtedness. *Held* that the plaintiff had obtained, by way of instructions, all he was entitled to upon this branch of the case.

A pledgee of collateral security who proceeds with reasonable diligence and prudence in realizing upon it and honestly accounts for the proceeds to the debtor, is not liable for a wrongful conversion of the property.

In an action for the alleged conversion of a note and mortgage held as collateral security, the measure of damages is the actual, and not the face, value of the security. In the absence, however, of any evidence of actual value, the face value of the note and mortgage may be taken as their actual value, leaving the burden upon the defendant to show that they were worth less. The instruction of the trial court upon this point in the present case *held* to be clear and adequate.

A party is not entitled to an instruction for which no reasonable basis appears in the pleadings or evidence.

A plaintiff whose case for conversion is purely technical and without substantial merit, is not entitled to recover punitive damages.

Argued October 28th—decided December 17th, 1915.

ACTION to recover damages for the alleged conversion of a note and mortgage held by the defendants, succes-

sively, as collateral security only, brought to the Superior Court in Fairfield County and tried to the jury before *Webb, J.;* verdict and judgment for the plaintiff for $25 as against the defendant Hubbell, and in favor of the defendant Stuart, from which the plaintiff appealed. *No error.*

*J. Lindsay Hoyt,* for the appellant (plaintiff).

*John Keogh,* for the appellees (defendants).

RORABACK, J.   It was conceded that on August 31st, 1909, the plaintiff was the owner of a note for $1,400 made by Elizabeth Mills.  The note was dated February 1st, 1909, and secured by a mortgage upon property which was subject to prior mortgages and incumbrances of about $1,400.  At this time the plaintiff was indebted to the defendant Stuart in the sum of $550, which was evidenced by a promissory note dated August 31st, 1909, payable to Stuart on demand, with interest.  To secure the payment of his note for $550, the plaintiff assigned to Stuart the Mills note and mortgage.  Stuart was pressing for payment of the $550, but the plaintiff neglected to pay it.  On or about February 15th, 1912, the $550 note and the Mills note and mortgage were assigned by Stuart to the defendant Hubbell.  The plaintiff alleged in his complaint that this transfer to Hubbell was without authority.  This was denied by both defendants.

The questions which the plaintiff attempts to present, in his four assignments of error, are not properly before this court.

The first is "whether or not the court erred in ruling and deciding that judgment should be rendered in favor of the defendant Stuart."  The second, third and fourth reasons of appeal are in the same form as the

first, but relate to other subject-matters. They are all in violation of the rules relating to appeals to the Supreme Court, and of the provisions of § 798 of the General Statutes, which require a distinct statement in the appeal of the errors complained of.

The errors which the plaintiff is seeking to present to us arose in the conduct of a jury case. The procedure for an appeal in such cases is plainly pointed out by the rules of this court. Practice Book (1908) p. 273, § 2. These reasons of appeal are not founded upon any alleged instructions of the trial judge. They, like the plaintiff's argument, treat the case as though it had been tried to the court. "In a case where the trial has been to a jury, the presiding judge cannot, as to disputed matters, make a finding of what has been proven, as in a court case. He can only find what the parties have offered evidence to prove, and claim to have proved." *Farrington* v. *Cheponis*, 84 Conn. 1, 4, 78 Atl. 652. These assignments of error are also improperly stated because in the record they appear in the form of a *quære*. *Goddard* v. *Treat*, 83 Conn. 516, 77 Atl. 959.

Contrary to our practice, we have searched the record to ascertain if any of these four imperfect assignments of error were founded upon any clearly-defined instruction of the court. We find that the jury were instructed that "this transfer to Hubbell I think appears upon all of the evidence to have been with the full knowledge and consent of the plaintiff, and therefore it cannot be deemed a wrongful conversion . . . of the Mills note and mortgage so far as Stuart is concerned, and I accordingly direct you to render a verdict in this case in favor of the defendant Stuart."

As a matter of law these instructions were correct. If a person consents to the taking or transfer of his property to another, he cannot recover for a conversion

thereof, from the person to whom such consent was given. 38 Cyc. 2009, and cases cited. As a matter of fact, we cannot say that these instructions by the trial judge to find a verdict for the defendant Stuart were erroneous. The evidence is not before us, as provided by § 805 of the General Statutes. We have no way in which we can pass upon the propriety of such a ruling. *Dick* v. *Colonial Trust Co.*, 88 Conn. 93, 98, 89 Atl. 907.

It was also alleged and claimed by the plaintiff that about September 15th, 1912, the defendant Hubbell, without notice to the plaintiff, commenced proceedings for the strict foreclosure of the Mills mortgage, and that, without authority from the plaintiff, he sold and conveyed this property and converted the proceeds of the sale to his own use. The plaintiff also claimed that ever since January, 1913, he had been ready to pay the $550 note, with interest, upon the reassignment of the Mills mortgage. The defendant Hubbell admitted that he had foreclosed the mortgage and that he had sold the property. He also introduced evidence showing that at all times since the assignment of the note and mortgage to Stuart by the plaintiff, Elizabeth Mills, the maker of the $1,400 note and mortgage, was insolvent, of which the plaintiff had full knowledge; that the insolvency of Elizabeth Mills prompted the defendant Hubbell to take the proceedings of which the plaintiff now complains; that the value of the property which the Mills mortgage covered was not more than $2,200; that this mortgage did not lend additional security to this transaction of more than $800; that neither of the defendants profited by these assignments, which were for the sole benefit of the plaintiff; and that he refused to take any action to protect his alleged rights, although requested to do so.

Complaint is made in the appeal that each of the

requests to charge were not complied with. The first of these was to the effect that the jury must find that the plaintiff's assignment to the defendant Stuart of the Mills mortgage was not an absolute transfer of the plaintiff's interest in the land, but amounted to a pledge, and that the only way in which title could be acquired to the note and mortgage was by quitclaim deed. It was one of the facts conceded by all parties, and the jury were so instructed, that Stuart acquired this Mills note and mortgage of $1,400 from the plaintiff and held the same solely to secure to him the payment of the plaintiff's note of $550. The trial court, upon this point, also stated: "Now it should be remembered that Hubbell was not the absolute owner of the Mills note and mortgage to do with as he pleased. His interest in them was limited to the amount of the plaintiff's debt of $550 and interest. Whatever value there was to these securities in excess of this amount equitably belonged to the plaintiff." The acquisition of title by the defendants was not solely dependent upon a quitclaim deed. It might have been obtained by proper proceedings of foreclosure. The plaintiff had sought to establish the fact that there had been an unlawful conversion of the Mills note and mortgage, and that the defendants were accountable for the proceeds of such conversion. The case was tried, and apparently decided, upon this theory, and the plaintiff obtained from the court all that he was entitled to on this branch of the case.

Another request by the plaintiff was, in substance, that if the jury should find the plaintiff had notice of the foreclosure proceedings instituted by the defendant Hubbell, yet he would be deemed to hold the property, received in trust, for the plaintiff and accountable to him for the same. This request overlooks the instructions just referred to, and the further statements of

the court, in which it said that "if you further find that the defendant Hubbell, with Messrs. Walsh and Hubbell, the attorneys who had charge of the proceedings, proceeded throughout with reasonable diligence and prudence and realized upon the Mills note and mortgage all that you could reasonably expect to have been realized upon them under all the facts disclosed by the evidence in this trial, and honestly accounted to the plaintiff with respect to such proceeds and in satisfying and discharging his note and obligation, then your verdict should be for the defendant Hubbell." These instructions are a.. sufficient answer to the appellant's contention upon this subject.

The court was also asked to charge the jury that if they found that the mortgage of Elizabeth Mills was strictly foreclosed, the amount found due thereon in the foreclosure action was conclusive of the amount due thereon in this action, together with interest at the rate of six per cent from the date of judgment in said action. This request was properly refused. It incorrectly stated the law upon this point. In actions of this kind the general proposition may be stated that the value of the property at the time of its conversion, with interest, is the measure of damages. *Seymour* v. *Ives*, 46 Conn. 109, 113. "The measure of damages for the conversion of promissory notes, bonds, and other evidences of indebtedness is their actual, not their face, value." 38 Cyc. 2097, and cases cited in note. The jury were instructed that in the absence of evidence of actual value, they should consider the note and mortgage at its face value, and that the burden of proof was upon the defendant to show that it was worth less than its face value. In this connection the court also stated that in fixing the value it was proper for the jury to consider the value of the property covered by the mortgage, taken in connection with the prior incum-

brance upon it, and also the financial ability of Mrs. Mills, the maker of the note, to pay it. On this point the charge as given was clear and adequate.

Complaint is made because the court did not state to the jury, as requested, that if they should find there had been a strict foreclosure of the Mills mortgage and no accounting had been made of the proceeds, then the plaintiff was entitled to recover the full amount of his claim with damages for the prosecution of this action. There does not appear to have been any reasonable basis for such a request. There was no allegation or evidence offered to show that the plaintiff ever made demand upon the defendant Hubbell for the return or reassignment of the Mills mortgage and note. It is not claimed that either one of the defendants acted willfully or fraudulently in this matter. Evidently the plaintiff's cause of action was a technical one, based upon the theory that the defendants were liable because Hoyt was not made a party to the foreclosure proceedings. Such a case does not permit the jury to award punitive damages, which in some instances may include a reasonable sum for the expenses of litigation, less the taxable costs recoverable.

The two remaining requests of the plaintiff do not require consideration. They were involved in and disposed of by our discussion of the other reasons of appeal.

There is no error.

In this opinion the other judges concurred.