PATRICK HEALEY, ADMINISTRATOR, *vs.* ANGELO VITO
FLAMMIA.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Conversion arises when there has been an unlawful exercise of dominion
   over goods or chattels belonging to another who is entitled to their
   immediate possession.
In an action for the conversion of goods or chattels, the plaintiff must
   allege and prove all the facts constituting the unlawful act, includ-
   ing facts which show that he is entitled to the immediate possession
   of such goods or chattels.
Allegations of the execution and delivery by the makers of nonnegoti-
   able promissory notes to the plaintiff's intestate, of the unlawful
   obtaining of the notes by the defendant and his present unlawful
   possession of them, and of demand and refusal to deliver them to
   the plaintiff administrator, are insufficient to show ownership,
   or other facts drawing with them the right to immediate possession
   of the notes; and hence the trial court erred in holding that since
   the defendant had admitted the execution and delivery of the
   notes and his present possession of them, the plaintiff might re-
   cover the value of the notes upon merely proving the demand and
   refusal.
Where notes, bills, or other choses in action are converted, the measure
   of damage is, as in other cases of conversion, their actual value at
   the time of conversion, with interest, and, prima facie, the face of
   the instrument is such value; but the defendant may show the
   insolvency of the maker, payment in whole or in part, the invalidity
   of the instrument, or any other fact tending directly to affect or
   reduce its value.
In an action for the conversion of rents collected by the defendant
   from property of the plaintiff's intestate, the evidence examined
   and *held* to require a change in the finding that the intestate was
   in his lifetime possessed of said property.

Argued April 13th—decided May 4th, 1921.

ACTION to recover damages for the alleged wrongful
conversion of certain promissory notes, and moneys
collected as rents, owned by the plaintiff's intestate,
brought to and tried by the Superior Court in New

Haven County, *Banks, J.;* facts found and judgment rendered for the plaintiff for $16,112, and appeal by the defendant. *Error and new trial ordered.*

*John H. Cassidy,* with whom, on the brief, was *Charles W. Bauby,* for the appellant (defendant).

*Frank P. McEvoy,* with whom was *Patrick Healey,* for the appellee (plaintiff).

WHEELER, C. J.  The issues raised by counts one, two and four were found in favor of the plaintiff, and form the subject of this appeal.  The equitable issues under count three were found in favor of defendant.  Counts one and two are for the conversion of two separate nonnegotiable promissory notes, and these counts are alike in terms, and count four is for the conversion of certain rents.  The counts for the conversion of the notes allege: (1) the execution and delivery of the notes at named dates to Frank Flammia, then in life, which were secured by mortgage; (2) the unlawful obtaining of the notes by the defendant, who is now in unlawful possession of them; (3) the death of Frank Flammia and the appointment and qualification of the plaintiff as administrator of his estate; and (4) the demand by the plaintiff from the defendant of said notes and the refusal to deliver the same, and the conversion of them by the defendant.

The answers admit the execution and delivery of these notes to Frank Flammia, and that they are now in the possession of the defendant, but deny the demand, the refusal, and the conversion.  And they further allege that the notes were executed and delivered to Frank Flammia, not to be his individual property, but as that of the copartnership composed of the defendant and Frank Flammia, in business under the name of

Frank Flammia & Company, and that Frank Flammia in his lifetime gave and delivered these notes to the defendant in part payment of his share of the partnership. And, further, that the defendant owns and possesses the notes as surviving partner of the partnership. The replies join issue upon these affirmative allegations of the answers.

The trial court held that since the answers admit that the notes were executed and delivered to the plaintiff's intestate, and that they are now in the defendant's possession, the only allegation of fact in these two counts which the plaintiff was bound to prove was that of the demand and refusal, as contained in paragraph five of the complaint.

This was an erroneous interpretation of these counts and an erroneous conception of the requirements of the cause of action attempted to be set forth in them. That cause of action was conversion. Conversion arises when there has been an "unlawful exercise of dominion over goods or chattels belonging to another who is entitled their immediate possession." *Metropolis Mfg. Co.* v. *Lynch,* 68 Conn. 459, 470, 36 Atl. 832; *Semon* v. *Adams,* 79 Conn. 81, 82, 63 Atl. 661. "A cause of action arising from the unlawful exercise of dominion over property, cannot be properly stated without a direct allegation of the material facts which constitute the unlawful act." *Metropolis Mfg. Co.* v. *Lynch, supra.* Not only must the facts constituting the unlawful act be alleged, but these must be proved before a recovery can be had. In these counts no facts are alleged which show, or tend to show, that the plaintiff is entitled to the immediate possession of these notes. The allegation that the notes were made in favor of, and delivered at their inception to, the plaintiff's intestate, does not tend to show this. "Delivery" means "transfer of possession, actual or constructive, from one person to another." General

Statutes, § 4358. Hence the allegation of delivery meant a transfer of possession from Zusman to Frank Flammia of one note on April 25th, 1917, and of another note from Louis Albert to Frank Flammia on July 25th, 1917. When the defendant came into possession of these notes the finding does not state. It might have been shortly after their delivery to Frank Flammia. The plaintiff administrator made demand upon the defendant on March 24th, 1919, for these notes. So that the defendant may have had possession of one note some twenty three months, and of the other some twenty months, prior to this action.

There can be no presumption of a right to the immediate possession of these notes after the notes came into the possession of the defendant. They may have passed out of the hands of the plaintiff's intestate and come into the hands of the defendant lawfully. Ownership, or facts drawing with them the right to the immediate possession of these notes, should have been alleged; without these it does not appear that the defendant did unlawfully refuse to deliver these notes. To require this allegation is no hardship upon a plaintiff in conversion. The plaintiff fully understood the need of this allegation when he alleged that the defendant obtained the unlawful possession of these notes. Without this allegation, these counts were demurrable. The authorities are agreed upon the necessity, in a complaint in trover, of alleging a right to the immediate possession of the thing alleged to have been converted. And our attention has not been directed to any authority holding that an allegation of delivery carries with it the right of immediate possession after the thing alleged to have been converted has passed into the possession of another. 1 Swift's Digest, * 533; *Thayer* v. *Kitchen,* 200 Mass. 382, 385, 86 N. E. 952; 38 Cyc. 2068; 26 Ruling Case Law, p. 1131, § 41; 18 Ency. of Forms, pp. 385–406.

Reference to the forms in actions of conversion in the Practice Book (1908) pp. 328, 329, disclose that the allegation of ownership, or of a right of possession, or of facts showing this, are invariably found.

The cause of action described in count four, for the conversion of rents collected by the defendant from property of the plaintiff's intestate, depends upon the finding that the plaintiff's intestate was in his lifetime possessed of the property from which the defendant has collected the rents and converted them to his own use. As we read the evidence, there was no evidence from which such ownership could be found; on the contrary, it appeared that at the time of death of the plaintiff's intestate he and the defendant owned said premises jointly as partners under the name of Frank Flammia & Company. The motion to correct paragraph eighteen of the finding, as requested, and to add to the finding paragraphs eleven, sixteen, seventeen and twenty-three of the draft-finding, should have been granted. The refusal so to rule was error.

The trial court ruled that "the true value of the notes converted by the defendant is prima facie their face value in the absence of any evidence on the part of the defendant in mitigation of damages," and rendered judgment for the face of these notes, with interest. The defendant insists that this was error, since no evidence was introduced to show the value of the notes, or that plaintiff had in fact suffered any damage.

We think the court was correct in the measure of damages it applied. The measure of damages in conversion or trover is, "in general, the value of the property at the time of the conversion, with interest." *Seymour* v. *Ives*, 46 Conn. 109, 113. Where the property converted is a note or bill, or other chose in action, the measure of damages is the actual value of the note, bill, or other chose in action, but, prima facie, the face of

the instrument is taken as its actual value. But the insolvency of the maker, payment in whole or part, the invalidity of the instrument, or any other fact tending directly to affect or reduce its value, may be shown by the defendant in mitigation of damages. *Thayer* v. *Manley,* 73 N. Y. 305, 308; *McPeters* v. *Phillips,* 46 Ala. 496, 497; *Robbins* v. *Packard,* 31 Vt. 570; *Stafford* v. *Lang,* 25 R. I. 488, 56 Atl. 684; 4 Sutherland on Damages, § 1132, p. 4278; Hale on Damages, p. 181; 2 Daniel on Negotiable Instruments (6th Ed.) § 1454; 38 Cyc. 2097, and cases cited.

In an action for the conversion of a note and mortgage, we approved of an instruction "that in the absence of evidence of actual value, they [the jury] should consider the note and mortgage at its face value, and that the burden of proof was upon the defendant to show that it was worth less than its face value." *Hoyt* v. *Stuart,* 90 Conn. 41, 46, 96 Atl. 166. Similar ruling was involved in *Lovell* v. *Hammond Co.,* 66 Conn. 500, 510, 34 Atl. 511.

There is error and a new trial is ordered.

In this opinion the other judges concurred.