J. B. Comstock *vs.* The City of New Britain et als.

First Judicial District, Hartford, May Term, 1930.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued May 8th—decided July 31st, 1930.

*Samuel Rosenthal,* with whom was *George Marantz,* for the appellant (plaintiff).

*Mortimer H. Camp* and *Margaret Camp,* for the appellee (defendant City of New Britain).

*Israel Nair,* for the appellee (defendant Charles S. Andrews).

Maltbie, J. On September 16th, 1925, the city of New Britain adopted a zoning ordinance. This speci-

fies the uses to be made of property in the various districts established, and the uses permitted in "Residence A" districts do not include stores. The ordinance states that it does not require "any change of the present use of any building, structure or premises" but that "any nonconforming use which shall have been abandoned for a continuous period of one year shall not thereafter be resumed." Charles S. Andrews is the owner of certain premises situated within a "Residence A" district.

This action purports to be an appeal from a decision of the board of adjustment established in the ordinance sustaining a ruling of the building inspector. An attorney wrote the building commission of the city, whose function it is to enforce the ordinance, stating that he represented certain property owners in the vicinity of the property of Mr. Andrews; that upon Mr. Andrews' premises was a building which had been used as a store under lease to Kolodney Brothers; and that he had been advised that there had been no user of the store for five years; and he asked a ruling as to whether the commission would permit the building to be reopened for business purposes, such as a store. A reply was sent by the building inspector of the city, in which he called attention to the fact that the lease had very recently expired; stated that there had been no abandonment of the use of the building for store purposes by Mr. Andrews, that it appeared from these facts that no action could be taken by the department to prevent the reopening of the store, and that this was his decision; and he suggested an appeal to the board of adjustment. This was taken and the board sustained the ruling of the building inspector.

We cannot find any authority in the ordinance for the present proceedings. It makes no provision for an application for such a ruling as that asked of the com-

mission, made by property owners other than the owner of the particular land the use of which is in question, and gives the commission no power to determine the rights of the parties in such a way. Nor upon this record does it appear that the building inspector had authority to act in this matter for the commission. As, however, none of the parties have raised these questions, and the appeal must fail in any event, we merely give them passing notice.

Previous to 1919, there had been upon the premises for a number of years a small building used as a store. In that year Mr. Andrews built another small building in the rear, connecting the buildings with a roofed passageway, and thereafter leased these buildings to Samuel Kolodney, for a store and place of business. Kolodney continued the store in the premises until sometime subsequent to the enactment of the ordinance, September 16th, 1925, and thereafter used them for storage in connection with another place of business he had. He continued in possession until the expiration of the lease, July 1st, 1929. After that Mr. Andrews entered the premises and made certain repairs and improvements.

The trial court concluded that there had been no abandonment of the nonconforming use of the premises for a period exceeding one year. As the finding is not attacked, this conclusion must stand unless the subordinate facts fail to support it. All other questions aside, there is no finding as to the time when Kolodney ceased to use the premises as a store, except that it was sometime subsequent to September 16th, 1925. Even if we were to regard his continued use of the premises for storage as an abandonment of their use as a store, we have no basis upon which to conclude that this changed use had continued for a period of a year. The conclusion of the trial court must therefore stand.

All the assignments of error in the appeal take the form of a query, "whether or not the court erred" in the respect specified. This is not in accord with proper practice. *Hoyt* v. *Stuart,* 90 Conn. 41, 42, 96 Atl. 166.

There is no error.

In this opinion the other judges concurred.