EARL W. HAVILAND ET AL. *v.* LAMONT ATKINSON ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 2-682-58429

Argued December 1, 1969—decided February 6, 1970

*Lawrence M. Lapine,* of Stamford, for the appellant (defendant Munko Brothers, Inc.).

*Abraham I. Gordon,* of Bridgeport, for the appellees (plaintiffs).

KOSICKI, J.   The plaintiffs brought suit against the defendants Lamont and Dorothy Atkinson for accrued rental on their home.   The complaint was dated January 31, 1968, and served on the Atkinsons on February 1.   They were summoned to appear before the Circuit Court on the fourth Tuesday of February, 1968.   The complaint contained a notice that satisfaction of any judgment rendered for the plaintiffs was to be sought by way of a wage execution.   General Statutes § 52-361.

The Atkinsons failed to appear, and default was entered for their nonappearance.   On March 15, 1968, judgment was rendered against them *(Lexton, J.)* in the amount stated in the plaintiffs' affidavit, together with costs, and the court ordered weekly payments of $10 commencing on March 26, 1968. Upon application of the plaintiffs, a wage execution was issued by the court on April 4, 1968.   At no time had the Atkinsons appeared or made any payments as ordered by the judgment.   They are not parties to this appeal.

On December 12, 1968, the plaintiffs made application to the court for a writ of scire facias, pursuant to General Statutes § 52-381, against the present appellant, Munko Brothers, Inc., employer of the defendant Lamont Atkinson, on which corporation a wage execution had been served on April 22, 1968.   The application alleged that Munko Brothers, Inc., hereinafter referred to as the defendant, had failed and still fails to collect and withhold funds in accordance with General Statutes § 52-361 and that the sum which would have been withheld to date would have amounted, at least, to $517.52.   The writ was issued on December 20 *(Toscano, J.)* and served on the corporation on December 26.   Counsel

entered appearance on the same day and the matter was assigned for hearing. The chief officer of the defendant was served with a subpoena duces tecum but failed to appear on the date assigned for hearing. The court *(Henebry, J.)* denied any further continuance, entered a default and ordered the case set down on the trial list for a hearing in damages thirty days from the date of the notice, January 27.

Thereafter, the defendant filed and claimed for the short calendar list the following motions: (1) To modify the order for wage execution; (2) to set aside the default; (3) to erase the action commenced by the writ of scire facias. After a hearing on February 28, the court *(Toscano, J.)* denied all three motions. The defendant then filed new motions to reargue each of its motions which had been denied and did, indeed, argue each point it claimed in its favor. The court *(Corrigan, J.)* subsequently ruled against the defendant and in favor of the plaintiffs. A new hearing in damages was ordered and notice sent to all counsel. The hearing was held, and judgment was rendered by the court *(Chernauskas, J.)* for the plaintiffs. Thereafter, an execution was obtained by the plaintiffs and the judgment was collected in full.

In September, 1969, the defendant again filed a motion to open the default judgment for failure to appear, supported by an affidavit stating substantially the same grounds as were claimed and argued in previous motions. To this motion the plaintiffs filed an objection. The defendant's motion was denied on October 1 *(Goldberg, J.)*. From this decision the present appeal was taken.

The defendant made no request for a finding, and no finding was made. It did not file any transcript of evidence, or the proceedings, on which we can test the validity of the assigned errors. We have before

us only the record of the case and such guidance as we may derive from a single memorandum of decision.

In a comparable case where judgment was entered after nonsuit for failure of the plaintiff to appear, our Supreme Court declared: "Therefore we have nothing before us, outside the bare record, on which to review the action of the court. . . . The judgment of . . . [default] should have been opened if, but only if, in its sound discretion the court found that the . . . [defendant] had shown 'reasonable cause' under § 52-212. Since there is no finding, the . . . [defendant], on this record, has shown no cause, reasonable or otherwise, why the motion to set aside the . . . [default] should have been granted." *Gryskiewicz* v. *Morgan,* 147 Conn. 260, 261.

In its assignment of errors, the defendant claims error on the part of the court (1) in entering a default against the defendant for failure to appear (scire facias writ); (2) in denying the defendant's motions to erase, to modify the order for wage execution, and to set aside the default; (3) in refusing to open the default for failure to appear; (4) in entering judgment thereon; (5) in failing to open the judgment by default for failing to appear; and (6) in denying the motion made by the defendant in September, 1969, to open the judgment by default.

It is to be noted that in the principal case against the defendants Atkinson judgment was entered upon a default in appearance and judgment rendered for the plaintiffs with an order for weekly payments of $10 out of wages beginning March 26, 1968. Because of nonpayment, a wage execution was issued on April 4. The record contains an officer's return of execution, dated April 22, 1968, showing the return of the deputy sheriff that he had received partial

satisfaction from Munko Brothers, Inc., in the amount of $138.91, as against a total amount of debt and costs of $1156.25.

Despite the lack of specificity in the assignments of error, we are of the opinion that the claimed errors dispositive of this appeal are based on the default entered by the court against the defendant on January 27, 1969, for failure to appear, and the ultimate judgment rendered on July 11, 1969. We feel constrained to observe that assignments of error must be specific and not general. Sweeping assignments, lacking sufficient definiteness to pinpoint the error claimed, are not the proper practice. See such cases as *Burke* v. *Yencsik,* 120 Conn. 618, 622; *Comstock* v. *New Britain,* 112 Conn. 25, 28; *Gordon* v. *Donovan,* 111 Conn. 106, 110; *King* v. *Connecticut Co.,* 110 Conn. 615, 620.

The first assignment of error is directed toward the default entered against the defendant for failure to appear. The second claimed error is in the court's denial of the defendant's motions to erase, to modify the order for wage execution, and to set aside the default. The third assignment appears to be a recapitulation of part of the second in its claim of error in the court's refusal to open the default for failure to appear as required by our rules. Practice Book § 42.

There is no disagreement among the parties that on January 27, 1969, a default was entered against the defendant for failure to appear. Thereafter, the defendant appeared and filed the motions above referred to. These were denied and judgment on the default entered on July 11, 1969, after a hearing in damages. The hearing was ordered, and the record is not clear as to whether the defendant actually appeared.

"Practice Book . . . [§ 280] provides that a party who fails to comply with an order of the court may be defaulted. The assignment of a case for trial is in essence an order of the court that the parties proceed to trial at the time set. The defendant's failure to appear for trial was a failure to comply with an order of the court and was ample cause for defaulting him. *Barton* v. *Barton,* 123 Conn. 487, 489 . . . ; *Schoonmaker* v. *Albertson & Douglass Machine Co.,* 51 Conn. 387, 393." *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33.

After default was entered, the defendant was precluded from making any defense in the action. *Paiwich* v. *Krieswalis,* 97 Conn. 123, 125. "Since the statute . . . [§ 52-212] permits an opening of a judgment after default if there is a showing of reasonable cause, the granting of a motion to open, at least unless it is based on a pure error of law, lies in the sound discretion of the court. *Jartman* v. *Pacific Fire Ins. Co.,* 69 Conn. 355, 362 . . . . The denial of such a motion should not be held to be an abuse of discretion in any case in which it appears that the defendant has no defense; *Bellonio* v. *V. R. Thomas Mortgage Co.,* 111 Conn. 103, 105 . . . ; or that he has not been prevented from appearing by mistake, accident or other reasonable cause." *Jacobson* v. *Robington,* 139 Conn. 532, 536. The conclusion of the court, as disclosed in the record, "was amply warranted and was in itself an adequate reason for the denial of the various motions to open the judgment." Id., 538.

It is conceded by the defendant that the motions to erase and to modify the wage execution were not argued nor placed on the short calendar. Since no finding was requested and no reason appears why the defendant did not press these motions, we do not pass on their correctness or validity, and we need not consider them further.

What we have stated above makes unnecessary our further examination of the remaining assignments of error. Mention was made in argument that the judgment file shows damages of $50 in excess of the ad damnum in the amended complaint. Timely objection was not taken and, if it had been, an amendment curing this error would no doubt have been granted. Practice Book § 134. Under the circumstances, with no claim of variance between allegation and proof, we consider the variance immaterial, and it may be disregarded.

There is no error.

In this opinion DEARINGTON, J., concurred.

KINMONTH, J. (concurring). I concur with the majority that there is no error, and although I endorse what has been stated in the majority opinion, my ground for finding no error is that, the judgment having been satisfied in full, the questions now sought to be raised by the defendant are moot. "[A]s no practical benefit could follow from the determination of the questions sought to be raised by the appeal, it is not incumbent upon us to decide them." *Rollins* v. *Holcomb,* 122 Conn. 664, 666.

Whether scire facias properly lies in this case need not be decided, since the question was not raised by the defendant and, as stated above, the question is now moot.