[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE COUNTS TWO, THREEAND FIVE OF COUNTERCLAIM
On December 1, 1994, the plaintiff, Robert B. August, filed a single count revised complaint against the defendants, Robert R. Moran, Philip J. Carignan and Glenn E. Knierim, Jr., seeking an accounting after the dissolution of a partnership between the parties. On January 25, 1995, the defendants filed a revised counterclaim alleging failure to account for benefits received (count one), conversion (count two), civil theft (count three), breach of fiduciary duty (count four), and a violation of Connecticut Unfair Trade Practices Act, General Statutes (CUTPA), set forth as § 42-110(b) et seq. (count five).
Plaintiff filed this motion dated October 11, 1995 to strike counts two, three and five of the defendants' revised counterclaim.
-I-
In count two of their revised counterclaim, the defendants allege that the plaintiff "received benefits himself as a partner of the [p]artnership to the exclusion of the other partners without the consent of the other partners including but not limited to benefits received from professional services rendered . . . ." The defendants further allege that "[b]y retaining partnership benefits for his own use to the exclusion of his partners, [the plaintiff] wrongfully converted partnership property to his own use."
Plaintiff argues that count two fails to state a cause of action in conversion because the property interest which the defendants claim is not tangible and does not fall within the usual category of property interest associated with conversion.
Connecticut law recognizes a common law cause of action for CT Page 2097 conversion in tort, which has been defined as a suit for damages by the owner of property against one who has wrongfully appropriated the property in derogation of the rightful owner.Stein v. Baron, Superior Court, judicial district of New Haven, Docket No. 340587 (Jan. 6, 1995, Meadow, J.). In Coleman v.Francis, 102 Conn. 612, (1925), the Supreme Court in Coleman indicated that there are two general classes into which conversions are grouped: (1) those whose possession is originally wrongful and (2) those instances where rightful possession is changed to an unlawful exercise of dominion by reason of refusal to deliver it upon demand.
It is not true that conversion necessarily relates to tangible chattels. In DeVito v. Farmington Savings Bank, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 393681 (Mar. 10, 1995, O'Neill, J. ) it was held that intangible goods can also be subject to conversion. See, e.g.Devitt v. Manulik, 176 Conn. 657, 662-63, 410 A.2d 465 (1979) (savings bank passport); Healey v. Flammia, 96 Conn. 233,237-238, 113 A. 449 (1921) (promissory notes); and Hoyt v. Stuart,90 Conn. 41, 96 A. 166 (1915) (note and mortgage).
In the present case there is a further question as to whether the property in question was tangible or intangible partnership property. Such a question of fact is not properly decided on a motion to strike. Sportmen's Paradise v. Peerless Insur. Co.,6 Conn. L. Rptr. 44, 45 (Feb. 6, 1992, Dranginis, J.). Plaintiff has not satisfied his burden that the defendants' claim is legally insufficient as a matter of law. Plaintiff's motion to strike count two of the defendants' counterclaim is denied.
-II-
In count three of their revised counterclaim, the defendants allege that the plaintiff "received benefits himself as a partner of the [p]artnership to the exclusion of the other partners without the consent of the other partners including but not limited to benefits received from professional services rendered . . . ." The defendants further allege that "[b]y retaining partnership benefits for his own use to the exclusion of his partners, [the plaintiff] has engaged in civil theft."
We bypass the arguments as to whether a partner or co-owner can "steal" partnership property because Defendants maintain, in argument that their claim of theft falls within the definitions CT Page 2098 of and is encompassed within General Statutes § 52-564 and § 53a-119. Where a claim of civil theft relies on statutory definitions, the statute must be pleaded. Alaimo v. Royer,188 Conn. 36, (1982). The Court stated "our earlier cases considering similar statutes have consistently required that a plaintiff's claim for relief be specifically based on the statutory remedy as well as factually within its boundaries." Id.
In the present case, because the defendants have not specifically referenced General Statutes § 52-564 or § 53a-119 in their complaint for relief, they have not sufficiently alleged a claim for civil theft which they argue is based on either or both of the statutes. Plaintiff's motion to strike count three of the defendants' counterclaim is granted.
-III-
In count five of their revised counterclaim, the defendants allege that the plaintiff's actions constituted "unfair and deceptive acts and practices in the conduct of trade or commerce in violation of § 42-110b et seq. of the Connecticut General Statutes." Specifically, the defendants allege that the plaintiff's actions resulted in the receipt of partnership benefits to the exclusion of his partners, and constituted conversion, civil theft and breach of fiduciary duty owed to the other partners.
The majority of Superior Court case law holds that CUTPA is inapplicable to the internal workings of partnerships. SeeBrunette v. Bristol Savings Bank, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 453957 (Apr. 7, 1995, Holzberg, J.); Lapuk v. Simons, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 704542 (Jan. 3, 1995, Corradino, J.); Lougee v. Tanner, Superior Court, judicial district of New London at New London, Docket No. 523840 (Dec. 20, 1993, Hurley, J.); Chester v. Schatz SchatzRibicoff Kotkin, supra, 7 CSCR 721; and Heller v. NorthAmerican Rock Co., 3 Conn. L. Rptr. 215 (Feb. 6, 1991, Lewis, J.). Although there are decisions to the contrary, the reasoning of these majority decisions is persuasive on the court. Since all of the defendants' allegations of the plaintiff's "unfair and deceptive acts and practices" occurred within the confines of the partnership, the threshold facts sufficient to constitute a CUTPA claim have not been alleged, and the plaintiff's motion to strike count five of the defendants' counterclaim is granted. CT Page 2099
In summary, plaintiff's motion to strike as to count two of the defendants' counterclaim is denied and as to counts three and five is granted.
WAGNER, J.