[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action comes before the court on the plaintiff's motion for summary judgment regarding the first two counts of its complaint alleging failure to pay a promissory note and conversion of those funds against the defendant, an attorney who admitted that he has refused to make requested payments on a loan he received from his client and has thereby converted the. funds for his own use.
The plaintiff, the estate of Egidio Baraglia, Jr., moves for summary judgment in accordance with the debt set out in its submitted affidavit together with treble damages per General Statutes § 52-564 and attorney's fees on counts one and two of its three count complaint against the defendant, Attorney Theodore Poulos. Alternatively, the plaintiff moves for summary judgment on the issue of the defendant's liability and, if granted, the plaintiff further moves for an immediate hearing before the court to determine the amount of damages. In the first count, the plaintiff alleges that the defendant failed to make due and requested payments of principal and interest on a loan made to him by the plaintiff, the terms of which are memorialized in a promissory note signed by the defendant. In the second count, the plaintiff alleges that the defendant, as a result of his continued refusal to pay for over three years past maturity, has converted the funds of the loan to his own use.[1] The plaintiff argues that summary judgment on these counts is proper because the defendant admits in his answer to the plaintiff's complaint to the facts contained therein and, therefore, no genuine triable issue of material fact exists. CT Page 12109
On February 14, 2000, the plaintiff filed its motion for summary judgment (#106) together with a supporting memorandum, an affidavit of debt by James Fitzsimons, the executor of the estate and a copy of the promissory note. The defendant failed to file any opposing memorandum and to appear at short calendar on May 15, 2000. The court heard oral argument by the plaintiff at short calendar and now issues this decision.
The pleadings, affidavits and other documents reveal the following undisputed facts. The defendant borrowed $150,000 from the plaintiff's decedent, pursuant to the terms and conditions of a promissory note signed by the defendant on April 6, 1995. The terms of the note require the principal to be due and payable, without demand one year after the date of the note, and for interest to be paid at the rate of 10 percent per annum payable one year in advance together with all court costs and reasonable attorney's fees in the collection of the note. Despite written demand, the defendant has failed and refused to pay the principal balance due under said note and interest from April 6, 1998, to date. Presently there is due and owing on the note the principal sum of $138,050 together with interest from April 6, 1998, through April 6, 1999, in the sum of $13,805. Further, interest has continued to accrue from April 6, 1999, through the date of this judgment, the rate of 10 percent per annum, at the daily rate of $41.66. The defendant admits that as a result of his continued refusal to pay, for over three years after maturity of the note, he has converted the funds to his own use.
 DISCUSSION
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). CT Page 12110
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380 [now § 17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12,459 A.2d 115 (1983). "If [the opposing] affidavits and the other supporting documents aye inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.) 2830 Whitney Avenue Corp. v.Heritage Canal Development Associates, Inc., 33 Conn. App. 563, 569,636 A.2d 1377 (1994).
A. Count One
The plaintiff moves for summary judgment on the first count of its complaint the ground that there is no genuine issue of material fact regarding the defendant's failure to pay the promissory note pursuant to the terms of the note.
"Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker." (Internal quotation marks omitted.) Ocwen Federal Bank v. Landock,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 056885 (December 12, 1997, Curran, J.) "[W]hen examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted. . . . The court may grant a motion for summary judgment on liability only and hold hearing on damages at a later date." (Citations omitted; internal quotation marks omitted.) Id.
The affidavit and documentary evidence submitted along with the plaintiff's motion support the allegations in the plaintiffs complaint that the defendant executed a promissory note in the amount of $150,000 plus interest, that it made demands for payment upon the defendant and that the defendant has failed to pay the note as demanded. In addition, the defendant admits each of these allegations in his answer filed on January 5, 2000. Accordingly, the plaintiff is entitled to payment on the note in question unless the defendant alleges and proves a defense. SeeConnecticut Bank Trust Co. v. Dadi, 182 Conn. 530, 531, 438 A.2d 733
(1980).
The defendant submitted no opposing affidavits or other evidence, nor did the defendant oppose the motion by oral argument or brief. The defendant fails to contradict the plaintiff's evidence of the existence of the debt, the amount of the debt, or his failure to pay the debt. CT Page 12111 Accordingly, since there exists no genuine issue of material fact regarding the existence of the debt, the amount of the debt or the defendant's failure to pay the debt, the plaintiff is entitled to judgment as a matter of law based on these facts.
There is, however, a genuine issue of material fact as to the amount of damages. In his answer to the plaintiff's complaint, the defendant claimed a set off of approximately $2,000 for legal work the defendant alleges he performed for the plaintiffs decedent. On February 14, 2000, the plaintiff filed a reply to the defendant's set off denying the allegations and by way of a special defense claimed that the defendant failed to obtain a written fee agreement from the plaintiff and, therefore, the defendant is precluded from seeking payment for same. The plaintiff acknowledges in its summary judgment motion that the defendant's set off is the only possible exception to no existing genuine issue of material facts.
The law of set off is governed by General Statutes § 52-139 (a),[2]
which provides that a set off arises from a due and owing debt[3]
between the parties, independent of that on which the plaintiffs complaint is based. A set off is predicated on mutual debts so that one debt may be set off against the other. See Hope's ArchitecturalProducts, Inc. v. Fox Steel Co., 44 Conn. App. 759, 762, 692 A.2d 829, cert. denied, 241 Conn. 915, 696 A.2d 985 (1997). "A set-off is made when the defendant . . . desires to avail himself of that debt, in the existing suit, either to reduce the plaintiff's recovery, or to defeat it altogether, and, as the case may be, to recover a judgment in his own favor for a balance." (Internal quotation marks omitted.) Bank of BostonConnecticut v. Avon Meadows Associates, 40 Conn. App. 536, 541,671 A.2d 1310, cert. denied, 237 Conn. 905, 674 A.2d 1329 (1996).
The defendant's set off meets the requirements of § 52-139 because the mutual debt claimed is a debt allegedly due the defendant by the plaintiff's decedent and is independent to the transactions described in the plaintiffs complaint. The plaintiff's special defense to the set off raises the issue of the validity of the defendant's claimed debt. Accordingly, the court finds this set off creates a genuine issue of material fact as to damages. Therefore, the court enters judgment for the plaintiff on the first count as to liability only.
B. Count Two
The plaintiff moves for summary judgment on the second count of its complaint alleging conversion of funds due on the note by the defendant.
Conversion is "an unauthorized assumption and exercise of the right of CT Page 12112 ownership over goods belonging to another, to the exclusion of the owner's rights. . . . In addition, conversion requires that the owner be harmed as a result of the unauthorized act." (Citations omitted; internal quotation marks omitted.) Suarez-Negrete v. Trotta, 47 Conn. App. 517,521, 705 A.2d 215 (1998). "Conversion may arise subsequent to an initial rightful possession." Id. "This requires a showing that . . . a simple detention was followed by a demand and refusal." Prusaczyk v. Kulo,17 Conn. Sup. 348, 351 (1951). "Money can clearly be subject to conversion"; Omar v. Mezvinsky, 13 Conn. App. 533, 536, 537 A.2d 1039, cert. denied, 208 Conn. 803, 545 A.2d 1101 (1988); as can intangible goods. See, e.g., Healey v. Flammia, 96 Conn. 233, 237-38, 113 A. 449
(1921) (promissory notes).
There is no question that the defendant has refused to make payments due and requested and has thereby converted the funds. There is also no question that the defendant's continued refusal to repay the loan for three years past maturity of the promissory note has resulted in damage to the plaintiff. See, e.g., Discovery Leasing, Inc. v. Murphy,33 Conn. App. 303, 310-11, 635 A.2d 843 (1993) (the Appellate Court found harm for a conversion cause of action when the defendant deprived the plaintiff of its funds for five to seven months). Accordingly, the plaintiff is granted summary judgment as to the conversion count as to liability only because no genuine issues of material fact exist.
 CONCLUSION
The court grants the plaintiffs motion for summary judgment on the first two counts of its complaint as to liability alone. The court orders the matter set down for an immediate hearing as to the amount of damages pursuant to Practice Book § 17-50.
BY THE COURT
Hon. Andre M. Kocay, J.