[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 114
On February 8, 1995, the plaintiff, Geraldine Ficarra, administratrix of the estate of Stanley L. Silsbe, filed a third amended and revised complaint against the defendants, Connecticut Disposal Services, Inc., its parent company, Frank Perrotti Sons, Inc. and Joseph Ryan, an employee of the defendants. The complaint sets forth the following allegations. On March 7, 1994, Stanley L. Silsbe used a recycling container located in the area of 877 Post Road East in Westport, Connecticut, as shelter for the evening. Defendant Ryan picked up the contents of the recycling container, which included Silsbe, and dumped it into the compactor truck. Silsbe died as a result of being crushed in the compactor. The plaintiff first alleges that the death was caused by the negligence and carelessness of the defendants in that Ryan failed to properly inspect the contents of the recycling container prior to dumping or compacting. The plaintiff also alleges that the defendants failed to properly inspect the contents of the recycling container and the contents to be compacted, that they failed to adequately warn of the potential danger, that they failed to properly instruct or train Ryan and other employees, and that they failed to provide equipment to inspect the contents prior to dumping.
The defendants filed a motion to strike the February 8, 1995 complaint and a supporting memorandum on February 28, 1995. The plaintiff filed an objection to the motion and a memorandum in opposition to the motion on March 11, 1995. The defendants filed a reply memorandum on March 27, 1995. The plaintiff filed her own response brief on April 3, 1995.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Bouchard v. People's Bank,219 Conn. 465, 468 n. 3 594 A.2d 1 (1991). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted). Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 24 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants initially argue that the plaintiff's complaint must be stricken because the plaintiff has failed to identify the duty owed to the decedent. The defendants also argue that the court should strike CT Page 6680 the complaint on the ground that they were exercising the rights of possessors of property and that the plaintiff did not sufficiently allege a claim of premises liability. They contend that the only duty which may be construed from the allegations of the complaint is the duty of care owed to a trespasser, in which case the complaint would fail as the defendants did not breach the duty of care owed to a trespasser.
In opposition the plaintiff summarizes her action, stating that it "is not a premise liability claim, but a wrongful death action arising from the negligent operation of a motor vehicle, compactor, and recycling bin that was seized by the defendants with the plaintiff in it." The plaintiff further states that her action" also claims a lack of proper supervision, inspection and training insofar as the proper procedures required to prevent such hazards from occurring." The plaintiff claims that since this action is a negligence action, the duty of care is that of a reasonably prudent person.
The court concludes that it need not address whether the complaint is legally sufficient to support a premises liability claim. The plaintiff claims the action is one in negligence, and the court, in interpreting the facts alleged in the complaint in the light most favorable to the plaintiff, read this complaint as alleging a cause of action for negligence.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."R.K. Constructors, Inc. v. Fusco Corp., 213 Conn. 381, 384, ___ A.2d ___ (1994). "Negligence is a breach of duty. . . . The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether, the defendant violated that duty in the particular situation at hand. . . ." (Citations omitted; internal quotation marks omitted.) Petriello v. Kalman, 215 Conn. 377,383-83, 576 A.2d 474 (1990).
In the present case, a perusal of the plaintiff's third amended and revised complaint reveals that the plaintiff has alleged, inter alia, that:
 The injuries and damages and untimely death were the result of the negligence and carelessness of the defendant . . . in that: (a) it failed to properly inspect the contents of the recycling container prior to dumping or compacting; . . . (d) it failed to properly instructor train its employee(s) as to the necessity and/or methods of inspecting recycling container contents; (e) it failed to properly instruct or train its CT Page 6681 employee(s) of the necessity and reasonable methods of inspecting compactor contents prior to compacting. . . .
(Third amended and Revised Complaint, para. 10)
Based upon a review of the above allegations, the court finds that the plaintiff has set forth the essential elements of a negligence claim therefore denies the defendants motion to strike.
LAWRENCE L. HAUSER, JUDGE